JAMES HERRINGTON, Plaintiff in Error, *v.* CHARLES C. STEVENS, Defendant in Error.

ERROR TO KANE.

Where a defendant abides by his demurrer to a declaration in assumpsit for goods sold, the court is left to assess the damages, which will be for the amount admitted by the demurrer, and interest.

The defendant upon the inquest cannot set up any other contract, or introduce a substantive defense ; but may cross-examine witnesses, or make proof to reduce the damages, and if the inquest is taken in open court, may ask instructions.

The court has the discretion to refuse a plea, where a party has chosen to stand by a demurrer.

AT the May term of the Kane Circuit Court, 1859, Stevens, the plaintiff, filed his declaration in assumpsit against the defendant, Herrington, laying damages at two thousand dollars, to which the defendant filed the general issue.

At the November term, 1859, there was a trial by jury, and plaintiff obtained judgment for two hundred and fifty-eight dollars. The defendant moved for a new trial.

At the February term, 1860, the motion for a new trial was argued. The court sustained the motion, and ordered a new trial. The plaintiff then asked leave to amend his declaration. The amended declaration was filed on the twenty-second day of February, 1860, and an order was made for the defendant to plead by the following Monday. The case was then continued until the next term of said court.

On the fifth of March, 1860, during the said February term, the defendant filed demurrer to special count in amended declaration, and general issue to common counts. On the ninth of March the demurrer was argued and overruled. The defendant elected to stand by his demurrer. A *nolle prosequi* was then entered by defendant's counsel as to the common counts.

At the next term, (May 23rd, 1860), the defendant asked leave to file plea of general issue to special count in declaration. The court refused to allow the plea to be filed, and defendant excepted. The court then gave judgment by default for want of plea, and assessed the plaintiff's damages at three hundred and seventy-one dollars. Defendant moved to set aside the assessment of damages. After argument, the motion was sustained, and a new assessment ordered to be made by the court.

At the November term, 1860, a new assessment was had before the court, and the amount of damages assessed at three hundred and eighty-four dollars and fifty-six cents, for which judgment was given. The defendant prayed an appeal, which was allowed.

Herrington *v.* Stevens.

T. L. DICKEY, for Appellant.

C. B. WELLES, for Appellee.

BREESE, J. Induced by the criticisms of the counsel for the plaintiff in error, we have examined carefully, the declaration contained in this record. Though it may be admitted, it is not drawn with the nicest accuracy, it is not open to the objection made to it. The personal pronoun *his* is used in the possessive case, and taking the structure of the whole sentence together, and it is a very long one, there can be no doubt which is the proper antecedent; strict grammatical accuracy would assign the word plaintiff as the true antecedent. The declaration is good in form and substance, setting forth, clearly, a good cause of action. The plaintiff in error seems to have misconceived the action and the ground of recovery. The action is for nothing more than the recovery of three hundred and fifty dollars, which the declaration charges, the defendant promised to pay the plaintiff for his interest in the stock of goods belonging to him and Karns. Abiding by his decision, which admitted this fact, there was nothing for the court to do, but to assess the damages, which would be that sum with legal interest upon it, from the time it should have been paid. The defendant, upon the inquest, had no right to set up any other contract, and therefore had no right to put the question he proposed, for it was wholly immaterial what the interest of Stevens was worth, the defendant having admitted he was to give the plaintiff three hundred and fifty dollars for it. It would be letting in a new defense.

On an inquest of damages, whether before the court or a sheriff's jury, the right of a defendant does not extend so far as to allow him to introduce a substantive defense. He may overthrow, by a cross-examination, what has been testified to by the witness on his direct examination. He may also introduce witnesses to reduce the amount of the recovery, and when the inquest is taken in open court, he may ask the court for instructions to the jury. *Town of South Ottawa* v. *Foster*, 20 Ill. 298.

The refusal of the court to allow the motion of the defendant to plead, made at the term after he had decided to abide by his decision, cannot be assigned for error. It was purely discretionary with the court, and we cannot say that the discretion was not properly exercised. *Gillet* v. *Stone*, 1 Scam. 543.

The rule is well settled where a demurrer to a declaration is overruled, if the defendant wishes to plead over, he should ask leave of the court to withdraw his demurrer, and file a plea, and the granting or refusing such a motion, even if made at the same

term, rests in the discretion of the court. *Conradi et al.* v. *Evans et al.*, 2 Scam. 186.

We discover no error in the record or proceedings, and accordingly affirm the judgment.

*Judgment affirmed.*