FIRST NAT. BANK OF TAMA CITY v. HAYZLETT ET AL.

**Attachment: LIEN OF: UNRECORDED MORTGAGE.** The lien of an attachment does not take precedence over a prior unrecorded mortgage, of which the creditor had no notice.

*Appeal from Linn District Court.*

THURSDAY, JUNE 17.

THIS is an action to foreclose a mortgage executed on the 15th day of February, 1873, by the defendants William and Elizabeth Hayzlett, to secure the payment of four promissory notes, executed to C. B. Bradshaw, aggregating the sum of $2,061.00. The mortgage was filed for record February 27, 1873.

The defendants Leigh, Herron and Jordan commenced their several actions against the defendants Hayzlett, and without notice of the mortgage, but after its execution, and before it was filed for record, caused the mortgaged property to be attached. The several attachments were, by the sheriff, on the 24th day of February, 1873, noted on the incumbrance book in the order of their levy. The cause was referred to W. P. Wolf, and, pursuant to his report, the court rendered a judgment and decree, as prayed in the petition, and that the mortgage take precedence of all the attachment liens of the defendants. The attaching creditors appeal.

*Thompson & Davis*, for appellants.

*I. M. Preston & Son*, for appellees.

DAY, J.—It is now the settled law of this State that an attachment or judgment lien does not take precedence over a prior unrecorded deed or mortgage, of which the creditor had no notice. *Norton, Jewett & Busby v. Williams*, 9 Iowa, 528; *Evans v. McGlasson*, 18 Ib., 150; *Hayes v. Thode*, Ib., 51; *Bell v. Evans*, 10 Ib., 353; *Welton v. Tizzard*, 15 Ib., 495; *Churchill v. Morse*, 23 Ib., 229; *Hayes v. Allen*, 27 Ib., 208.

It is claimed by appellant, however, that this case involves

a construction of section 3243, Revision of 1860, which in substance provides that no levy of attachment on real estate shall be notice to a subsequent *bona fide* vendee or incumbrancer, unless the sheriff shall enter the fact of the levy in the incumbrance book. It is claimed that this implies the converse, that the attachment shall be notice to all parties acquiring rights as purchasers or incumbrancers, after the proper entry in the incumbrance book is made. We concede that this deduction is correct. Appellant argues that if Bradshaw, instead of a mortgage, had received an absolute deed, and put it in his pocket, as he did the mortgage, and in the meantime either of these defendants had purchased the premises in good faith, received a deed, and put the same on record, no one would doubt his legal right to hold the same. This we also concede, and we might have conceded more if more had been claimed. But the trouble is that these principles do not apply to this case. Bradshaw took his mortgage before the entry of the levy in the incumbrance book, and hence he is not affected by that entry. The authorities cited above all hold that an attachment or judgment creditor is not a purchaser, and it avails him nothing to admit that if he had been a *bona fide* purchaser without notice, he would have taken precedence over a prior unrecorded deed or mortgage.

The judgment is

AFFIRMED.