Moorman v. Gibbs.

## MOORMAN v. GIBBS.

75  537<br>113  160

1.   **Attachment**: UNRECORDED DEED : PRIORITY.   An unrecorded deed takes precedence over a subsequent attachment or judgment, though the creditor has no notice thereof.

2.   ——— : INTERVENTION : RELEASE : WHO AFFECTED BY.   A settlement between an attachment plaintiff and an intervenor, whereby some of the property is discharged, does not affect the rights of one who has a prior unrecorded deed of attached real estate.

3.   **Abatement**: FORMER ACTION DISMISSED.   This action to quiet title is not abated by the fact that plaintiff began a prior action for the same purpose, which was dismissed before this one was tried. (See *Rush v. Frost*, 49 Iowa, 183 ).

*Appeal from Mahaska District Court.*—HON. J. K. JOHNSON, Judge.

FILED, OCTOBER 18, 1888.

ACTION to quiet the title in plaintiff to certain city lots.   Upon a trial on the merits there was a decree for plaintiff.   Defendant appeals.

*Bolton & McCoy*, for appellant.

*John F. Lacey* and *W. R. Lacey*, for appellee.

Beck, J.—I. The facts, briefly stated, upon which the cause is to be determined, are as follows: One M. B. Sturges, then the undisputed owner of the lots, conveyed them, April 12, 1883, to plaintiff. The deed was not filed for record until March 17, 1885. May 5, 1883, defendant caused the lots and other property to be attached in an action against W. B. Sturges. In this action M. B. Sturges intervened, claiming all the property attached. Pending this action, a settlement was had between defendant and M. B. Sturges; and under it all the property attached, except the lots involved in this action, was discharged from the attachment. The index of the record of plaintiff's deed misdescribed the lots in controversy. A tenant, occupying the property when it was conveyed to plaintiff, was in possession when defendant attached the lots. Actual notice of the condition of the title is not shown to have been had by defendant. Before the commencement of this action, another suit had been commenced, which was dismissed by plaintiff before this suit was tried.

II. The attachment did not affect plaintiff's title, for an unrecorded deed will hold against an attaching creditor without notice. An attaching or judgment creditor does not take precedence over the holder of an unrecorded deed

1. Attachment: unrecorded deed: priority.

whose title is paramount to any attachment or judgment, though the creditor had no notice thereof. See *First Nat. Bank of Tama City v. Hayzlett*, 40 Iowa, 659, and cases cited in 2 McClain, Dig. 443. This is the settled rule of this state. The plaintiff's deed, therefore, must prevail against defendant without regard to notice as to the title, actual or constructive, which he had or had not. We need not, therefore, inquire whether defendant had notice of plaintiff's title.

III. The settlement between defendant and M. B. Sturges did not affect plaintiff's right. She was not a party thereto, and she cannot be affected by the acts of mere strangers, who have no power to control or affect her title and interest in the property.

2. ——: intervention: release: who affected by.

IV. The prior action brought by plaintiff, having been dismissed before trial in this case, does not affect her rights, nor will this suit abate by reason **3. ABATEMENT:** former action thereof. *Rush v. Frost,* 49 Iowa, 183. dismissed. The case demands no further consideration. The judgment of the district court is

AFFIRMED.