HENRY H. GAGE et al.

·v.

THE CITY OF CHICAGO.

*Opinion filed June 23, 1905.*

1. CONSTITUTIONAL LAW—*act fixing rate of interest on special assessment bonds is valid.* The statute fixing the rate of interest on special assessment installments and bonds at five per cent is not unconstitutional, as precluding the right of property owners to contract, through the city, for a less rate.

2. SPECIAL ASSESSMENTS—*objection of another suit pending is removed by dismissal of such suit.* An objection to a special assessment proceeding that another proceeding for the same improvement is pending is removed by the dismissal of such other proceeding by the city, and upon proof of such dismissal the court may go on to a final determination of the case.

3. SAME—*when confirmation judgment must be reversed in part.* Alteration of an assessment roll after its filing, by erasing one lot number and inserting the number of another lot and writing in the name of another person as the owner, is ground for reversing the judgment as to the property so inserted but does not invalidate the entire assessment roll.

APPEAL from the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding.

F. W. BECKER, for appellants.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR B. TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from the judgment of the county court of Cook county confirming a special assessment levied to defray the cost of paving Coles avenue, in the city of Chicago. The appellants appeared and filed objections, all of which were overruled and judgment was entered confirming the assessment, to reverse which this appeal has been perfected.

The ordinance was adopted June 27, 1904. The assessment was divided into five installments, and the ordinance contained the following provision, being section 5 thereof: "And for the purpose of anticipating the collection of the installments of said assessments for said improvement, bonds shall be issued payable out of said installments, bearing interest at the rate of five percentum per annum, payable annually, and signed by the mayor and by the president of the board of local improvements, countersigned by the city comptroller and attested by the city clerk under the corporate seal of the city of Chicago. Said bonds shall be issued in accordance with and shall in all respects conform to the provisions of the act of the General Assembly of the State of Illinois entitled 'An act concerning local improvements,' approved June 14, A. D. 1897, and the amendments thereto."

It is insisted this section of the ordinance is invalid for two reasons: First, because, as appellants construe the section, it requires bonds to be issued payable out of the first installment, in violation of section 86 of the Local Improvement act, which provides that bonds shall be issued payable only out of the "second and succeeding installments;" and second, because it, as does the statute on which it is based, arbitrarily fixes the rate of interest at five per cent per annum, thereby, it is argued, preventing the city, as the representative of the owners of the property assessed, from contracting for a lower rate of interest.

We do not construe section 5 of the ordinance to require or authorize the issuance of bonds payable out of the first installment. The declaration in the opening sentence of the section, that "for the purpose of anticipating the collection of the installments of said assessments for said improvement, bonds shall be issued payable out of said installments," must be considered and given effect in connection with the closing sentence of the section, which declares that such bonds "shall be issued in accordance with and shall in all respects conform to the provisions of 'An act concerning local improve-

ments,' approved June 14, A. D. 1897, and the amendments thereto." The different parts of the section so considered in connection do not authorize the issuance of bonds in violation of the provisions of section 86 of the Local Improvement act, but only in accordance therewith and in conformity thereto. Section 86, being the section which provides for the issuing of bonds and constitutes the authority therefor, authorizes bonds to be issued to anticipate the "second and succeeding installments" only, and section 5 of the ordinance, correctly construed, is in harmony therewith. The burden of appellants' taxation would be in nowise increased by the issuance of interest-bearing bonds in anticipation of the first installment, for the reason that interest accrues at five per cent per annum on the first installment, though bonds be not issued thereon. Section 42 of the Local Improvement act of 1897, (4 Starr & Cur. Stat. p. 175,) which provided "that all installments, except the first, shall bear interest," etc., was in this respect amended by the act approved May 14, 1903, (5 Starr & Cur. Stat. p. 76; Laws of 1903, p. 102;) so as to read, "all installments shall bear interest at the rate of five per cent per annum," etc.

The argument in support of the second proposition is, that the act of the legislature arbitrarily fixing the rate of interest on the installments, and also on the bonds, at five percentum per annum interferes with and denies to the city, as the representative of the property owners, the right to make its own contracts, and is unconstitutional because it interferes with the freedom of the citizens and with their constitutional right to make their own contracts, guaranteed to them by the constitution. The purpose of the legislation authorizing the division of an assessment into installments payable in the future is to secure to the property owner an extension of time in which to pay the assessment. The property holder has no fundamental or constitutional right to have the payment of the benefits conferred on his property by the improvement deferred until a future period. It was

entirely for the determination of the legislature whether such privileges should be secured for the property owner. The earlier statutes of the State contain no provision for the division of the special assessments into installments. In legislating to confer this right or privilege the law-making body was not dealing with any fundamental or constitutional right of the tax-payer, and could lawfully, in providing for the extension of the time of payment, arrange for the payment of interest at a specified rate. (*Hulbert* v. *City of Chicago,* 213 Ill. 452.) Whether a fixed rate should be specified or a maximum rate per cent which should not be exceeded be named, was for the consideration and determination of the legislature. The legislation does not infringe the personal right of any property holder by compelling him to pay interest absolutely, but said section 42, as adopted in 1897 and as amended in 1903, provides that any person may at any time pay the whole assessment against his property or may pay any installment thereof, and thus the payment of interest may be wholly avoided or avoided in part, as the property owner may elect. *Village of Wilmette* v. *People ex rel.* 214 Ill. 107.

Among other objections filed by the appellants, it was urged that a prior petition, recommendation, estimate and ordinance for the same improvement of the same street and having the same termini on that street were pending at the time of the institution of this proceeding and at the time of filing the objections. The city, after the filing of the objections, dismissed the prior proceeding and produced a certified copy of the order of the court wherein it was instituted, showing final discontinuance thereof. The court ruled the dismissal of the prior proceeding avoided the objection that a former action was pending, and declined to dismiss this proceeding but proceeded to final judgment, and this is urged as for error. Appellants refer to the ancient rule of common law pleading that a plea of another suit pending, if proven, abates the second action, and counsel for the city cite the

later holdings, and what seems to be the current of modern authority, that the dismissal of the prior action, even after the plea, avoids the abatement of the second suit. The statute has provided what is intended to be a complete code governing a proceeding for making a local improvement by special assessments on the property benefited, and the rules of common law pleading are applicable only in the event and to the extent there is an omission in the statute of some regulation or manner of proceeding. We do not think the common law rules of pleading can be resorted to to determine as to the manner of raising the defense of another suit pending. If such rules be applicable, the appellants would be confronted with the rule that in pleas in abatement of the action "correctness of form is matter of substance and defect of form is fatal," (1 Ency. of Pl. & Pr. 23,) and that a plea in abatement of the action, merely, must be filed before a plea to the merits or be deemed waived. The appellants did not file a formal plea in abatement, but only an informal "objection," and with it filed a number of other objections directed to the merits of the petition. The statute provides only for defenses by way of objections, and the appellants have availed themselves of the statute in presenting their defenses to the petition, and properly so, we think. The cases of *Nicholes* v. *People,* 165 Ill. 502, *Porter* v. *City of Chicago,* 176 id. 605, and *Hintze* v. *City of Elgin,* 186 id. 251, hold that the filing of general objections to a petition for confirmation of a special assessment waives the right to file objections to the sufficiency of the notice given of the pendency of the proceedings. The principle governing in those cases is, that if one appears in court and enters upon a contest of the merits of a proceeding, it is immaterial whether the proceedings to give him notice to appear are correct and sufficient. The only purpose of such proceedings is to notify him to appear, and if he voluntarily appears he necessarily waives notice,— and this is true in common law actions and in statutory proceedings. A special appearance is necessary when a motion.

or objection relating to the sufficiency of the service or no-
tice is desired to be interposed. But the objection that a prior
petition for confirmation of a special assessment was pend-
ing, may, under the statute, be filed, together with other ob-
jections, for the reason the statute authorizes the filing of
objections by any person interested in the real estate to be
affected, to take the place of pleas in cases at law. That
the objections are so regarded as statutory substitutes for
pleas is further manifested by the provisions of section 46
of the Local Improvement act, which provides that the court
may make such orders extending the time for the filing of
such objections as, to quote from the statute, "may be made
in cases at law in regard to filing pleas." The plea that an-
other suit is pending is intended to prevent the defendant
from being harassed and oppressed by two actions when but
one is necessary to provide a complete remedy for the plain-
tiff. The dismissal of the prior action by the court in the case
at bar relieved the appellants of all liability for costs therein,
and we do not think the judgment should be reversed for
the reason the court proceeded to the disposition of this ac-
tion upon being advised by the records produced in court
that the prior action had been discontinued. The consensus
of current decisions holds that even in an action at law the
objection that a former action is pending is removed by the
dismissal or discontinuance of the prior suit, even after plea
in abatement has been filed in the second action. ( 1 Cyc. 25,
and cases cited in foot note 27; 1 Ency. of Pl. & Pr. 755.)

The ordinance provides that each of the catch-basins shall
be provided with a cast-iron cover weighing 470 pounds, and
"of the same size and pattern as those used in new work by
the city of Chicago during the year 1902." It is urged that
this is an uncertain and insufficient description of the catch-
basins, but in *Lanphere* v. *City of Chicago,* 212 Ill. 440, we
considered this same objection and found it not well taken.

It was objected, and the objection was sustained by un-
disputed testimony, that, to quote from the objection as filed,

"when the assessment roll herein was filed it contained as assessed lot 115, South Shore subdivision; that since then some one has erased from said roll lot 115 and written in its place lot 113 as assessed in lieu of lot 115, and the name of A. B. McChesney as owner thereof, who did not appear as the owner of lot 115; and that this was done without the order of the court." Notwithstanding this objection was proven to be true, leave was not asked or effort made to correct the record, but the assessment as so illegally changed was treated as lawful and correct, and the court entered judgment of confirmation against said lot 113 without leave having been asked or granted to amend or correct the roll or restore it to its original condition. This was erroneous and prejudicial to the appellant A. B. McChesney, the owner of the said lot 113, and the judgment of confirmation entered against that lot will be reversed, and the cause, as to that lot, remanded for such other and further proceedings as to law and justice shall appertain. There is no force in the contention on the part of the other appellants that the alteration of the assessment roll as to lot No. 113 renders the entire roll illegal and invalid. The judgments of confirmation are by the express provision of the statute several judgments as to each piece of property. (4 Starr & Cur. Stat. sec. 56, p. 182.) The objections as to one lot or parcel may be well taken and sustained and those as to other pieces of property overruled and judgment entered against them, even when, as is the case here, the same property holder files objections as to different pieces of property, some of which are found to be well taken and others without force. *Browning* v. *City of Chicago,* 155 Ill. 314.

The judgments, except as to lot No. 113, must be and are affirmed.                 *Affirmed in part and remanded.*