### Jerseyville Shoe Manufacturing Company v. O. H. Bell.

1. FORMER SUIT PENDING—*how objection of, may be removed.* The objection of former suit pending may be removed, even after a plea relying thereon filed in the second suit, by dismissal of such former suit.

2. ASSESSMENT OF DAMAGES—*what evidence defaulted party cannot introduce.* A party in default cannot introduce upon the assessment of damages evidence which tends to establish a substantial defense to the plaintiff's action.

Action of assumpsit. Appeal from the Circuit Court of Jersey County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed March 20, 1906.

HAMILTON & HAMILTON, for appellant.

THOMAS F. FERNS, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

O. H. Bell, the appellee, brought suit in the Circuit Court of Jersey county to recover a balance alleged to be due from appellant to him for labor; he recovered a judgment and the shoe company appealed.

While said suit was pending and on the 25th day of September, 1905, appellant filed its plea in abatement setting up that prior to the commencement of suit in the Circuit Court and on the 9th day of June, 1905, Bell had instituted a suit before a justice of the peace for the identical claim sued for and that said former suit was still pending and undetermined.

To this plea Bell filed two replications. The first of said replications set up that after the filing of the plea of abatement and on the 26th day of September, 1905, said former suit was dismissed out of court by plaintiff. The second replication set up that there was not any record of the said supposed former suit remaining in manner and form as in said plea of abatement alleged.

Appellant filed a demurrer. to each of said two replications which was overruled. Thereupon appellant elected to stand by its demurrer.

Afterward, upon the assessment of damages, appellant sought to show that appellee's work was defectively done and not up to the standard required by appellant, to the introduction of which an objection was made and sustained on the ground that appellant was in default for want of plea, and appellant excepted.

Appellant first contends that the court erred in overruling its demurrer to the first and second replications; that the plea in abatement was good when filed and that appellee could not, after the filing of the plea, dismiss his former suit and then set that fact up by replication in answer to the plea. This subject is one upon which the authorities are not altogether in accord and while the author and compiler of the first edition of the American and English Encyclopedia of Law, vol. 8, page 551, supports the contention of appellant, yet we do not think that such statement there made is in accord with the more modern holding of the courts. In the Encyclopedia of Pleading and Practice, a somewhat more recent work by the same authority, vol. 1, on page 755, the writer says that "The prevailing rule now is that the discontinuance or dismissal of the first suit after the commencement of the second may be set up in reply to the plea and thus defeat an abatement," and in a note on page 756 says: "According to the later cases, the objection of a former suit pending is removed by its dismissal or discontinuance, *even after* plea in abatement in the second suit," and cites many authorities in support of the more modern rule.

32

There was no error in the action of the court in overruling the demurrer to said replications.

It is next said by appellant that the court erred in not allowing it to show after it was in default for want of plea, upon the hearing to assess appellee's damage, that Bell had not done his work properly, so that it would pass inspection and by that means reduce the damages of appellee.

Appellant alleges that the action of the court in that regard was error upon two grounds: first, that a defendant in default can be heard upon assessment of damages upon an inquiry, and, second, that a defendant in default may recoup.

Upon the first of these two propositions appellant lays considerable stress upon the case of Cairo and St. L. R. R. Co. v. Holbrook, 72 Ill., 419, where it was said that "The defendant's rights were not wholly foreclosed by the default. While the defendant admits every material allegation of the declaration it does not admit the amount of damages." This language, however, is not broad enough to admit of a defendant in default giving evidence of a *substantive* defense.

The defense offered upon the inquiry in the case at bar was an affirmative and substantive one. It was in effect an effort to show that Bell's work was improperly done and that by reason thereof he could not recover for his labor; this, if allowed, would have tended to show that Bell had no cause of action, a position not permitted by the authorities where a defendant is in default for want of plea. The case cited (C. & St. L. R. R. Co. v. Holbrook) holds that upon a writ of inquiry the defendant cannot introduce evidence tending to show that plaintiff had no cause of action.

The position that a defendant in default for want of plea cannot give evidence tending to show that plaintiff had no cause of action, is fully sustained by the authorities. Foreman Shoe Co. v. Lewis & Co., 191 Ill., 155; Cook v. Skelton, 20 Ill., 107; Herrington v. Stevens, 26 Ill., 298. In the case last cited the court say that: "On an inquest of

damages, the right of the defendant does not extend so far as to allow him to introduce a substantive defense."

We cannot say just how much stress appellant lays upon the doctrine of recoupment, for while in its first brief and argument filed herein, on page 21, it says: "In mitigation of damages after default the defendant may recoup for the amount of defective work charged for by appellee that would not pass inspection and it was error to reject the evidence of appellant upon this proposition," in its reply brief on page 4 it says: "There is no question of recoupment involved in the case at bar." We hold, however, that to warrant the admission of evidence in recoupment there must be at least a plea of the general issue. Our courts have held uniformly that a defendant may recoup under that plea without notice; but we know of no case where such action has been had without either plea or notice.

We have no power to allow any additional attorney's fees for services in this court and appellee's claim upon that basis will be denied.

The judgment of the Circuit Court is affirmed.

*Affirmed.*