### Harry G. Wright v. E. G. Keifer.

#### Gen. No. 12,896.

1. Former suit pending—*when plea of, will not be sustained.* A plea of former suit pending is not available as a defense unless the former suit is effectual and the plaintiff can obtain his remedy therein as completely as by the second suit.

2. Former suit pending—*effect of discontinuance of.* The modern doctrine is that the discontinuance of the former suit set up in a plea constitutes an effectual answer to such plea.

Action in trespass. Error to the Superior Court of Cook county; the Hon. Axel Chytraus, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Reversed and remanded. Opinion filed February 1, 1907.

**Statement by the Court.** The attorney for the defendant in error made the following clear and concise statement of the case in his brief:

"On August 16, 1904, the plaintiff in error brought an action in trespass on the case against the defendant

Wright v. Keifer.

in error, in the Superior Court of Cook county, to the September term, 1904. The summons was personally served upon the defendant on August 22, 1904, which was more than ten days before the first day of the term to which the writ was returnable. The plaintiff failed to file his declaration until October 3, 1904, which was less than ten days prior to the first day of the October term. On the following day the defendant in error entered his special appearance and motion to dismiss on the ground that the suit was brought to the September term, 1904, service was had upon the defendant more than ten days prior to the first day of that term, but the plaintiff failed to file his declaration ten days before the October term. That motion was never heard or determined.

Subsequently, on October 22, 1904, the plaintiff in error instituted another suit in trespass on the case against the defendant in error, in the same court, and upon the same cause of action. In this suit personal service was also had upon the defendant. The plaintiff filed his declaration, identical with the one in the first suit, and the defendant in error filed on December 7, 1907, a plea in abatement thereto alleging the pendency of the former suit. Both suits were pending until June 7, 1905, when the former suit, having been called for trial, was dismissed for want of prosecution. Afterwards, on February 2, 1906, the plaintiff filed three replications setting forth the dismissal of the prior suit, as above stated, on June 7, 1905. To each of these replications the defendant in error demurred. These demurrers were sustained and judgment was entered by the court against the plaintiff for costs.

The plaintiff in error, the plaintiff below, has sued out this writ of error to review that judgment.''

HUTTMANN, BUTTERS, CARR & HEADEN, for plaintiff in error.

FREDERIC R. DE YOUNG, for defendant in error.

Mr. JUSTICE SMITH delivered the opinion of the court.

The question presented by the record is the correctness of the ruling of the court below in sustaining general demurrer to the replication setting forth the dismissal of the prior suit, on June 7, 1905, to the plea in abatement filed December 7, 1904, alleging a former suit pending for the same cause of action.

Two reasons are urged by plaintiff in error for the reversal of the judgment. First, at the time of the institution of this suit in the court below, the status of the supposed former suit was such that the plaintiff could derive no benefit therefrom, it being ineffectual for any purpose. Second, the replications alleged the dismissal of the former suit after the filing of the plea in abatement.

Under the authorities we think it is settled law that a plea of a former suit pending is not available as a defense, unless the former suit is effectual and the plaintiff can obtain his remedy therein as completely as by the second suit. Branigan v. Rose, 3 Gilm. 123, 128; Phillips v. Quick, 68 Ill. 324, 325; 1 Ency. Pl. & Pr., p. 754 and note.

The first replication avers that in the former suit. the plaintiff failed to file his declaration within ten days prior to the first day of the October term, 1904, of the Superior Court, the summons having been served on August 22, 1904, and that the defendant had at all times since the commencement of said suit refused to waive the provisions of section 17, chapter 110 of the Revised Statutes of the State of Illinois, and so at the time of the commencement of this suit there was no former suit pending as set up in the plea.

This replication sets up facts which show that the former suit was ineffectual to the plaintiff because the defendant, at the time this suit was commenced, was entitled to judgment as in case of a nonsuit under the statute. The replication, therefore, set up a good

answer to the plea, and it was error to sustain the demurrer. O'Malia v. Glynn, 42 Ill. App. 51, 53.

In Ency. of Pl. & Pr., vol. 1, p. 755, it is said: "Formerly the only question was whether at the time of suing out the second writ there was a writ in being, and it was held to be no answer to the plea that the first suit was ended when the plea was put in; but the prevailing rule now is that the discontinuance or dismissal of the first suit after the commencement of the second may be set up in reply to the plea, and thus defeat an abatement."

In Gage v. The City of Chicago, 216 Ill. 107, 110, it is said: "Among other objections filed by appellants, it was urged that a prior petition, recommendation, estimate and ordinance for the same improvement of the same street and having the same termini on that street were pending at the time of the institution of this proceeding and at the time of filing the objections. The city, after the filing of the objections, dismissed the prior proceeding and produced a certified copy of the order of the court wherein it was instituted, showing final discontinuance thereof. The court ruled that the dismissal of the prior proceeding avoided the objection that a former action was pending, and declined to dismiss this proceeding, but proceeded to final judgment, and this is urged as for error. Appellants refer to the ancient rule of common law pleading that a plea of another suit pending, if proven, abates the second action, and counsel for the city cite the later holdings, and what seems to be the current of modern authority, that the dismissal of the prior action, even after the plea, avoids the abatement of the second suit."

In New York it is settled law that a discontinuance of the first suit after the commencement of the second suit may be shown in answer to the plea, and in this respect the stringency of the ancient rule has been relaxed. Porter v. Kingsbury et al., 77 N. Y. 164, 167.

In Willson v. Milliken, 42 L. R. A., 449, 461, the Kentucky Court of Appeals say, after stating the old rule:

"The more modern rule seems to be that the objection of a former suit pending is removed by its dismissal or discontinuance, even after plea in abatement in the second suit. Warder v. Henry, 117 Mo. 530; Trawick v. Martin Brown Co., 74 Tex. 522; Grider v. Apperson, 32 Ark. 332; Findlay v. Keim, 62 Pa. State, 112, 117; Moorman v. Gibbs, 75 Iowa, 537; Nichols v. State Bank, 45 Minn. 102, and numerous others. We think this a more just and reasonable rule, and so hold to be the law."

We are of the opinion that the cases cited above state the modern rule upon this question. Applying this rule, the replications showing the dismissal of the prior action after the plea was filed were good, and the demurrer should have been overruled.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*