## THE CITY OF CHICAGO

### *v.*

### M. W. BALDWIN *et al.*

*Opinion filed April 18, 1907—Rehearing denied June 15, 1907.*

1. SPECIAL ASSESSMENTS—*when a city may file second petition under same ordinance.* Dismissal of a petition filed by a city under an ordinance levying an assessment for an unpaid balance on an improvement, upon the ground that as the mandate of the Supreme Court in an appeal involving the same assessment had not been filed the appeal in such case was still pending, does not amount to such an adjudication as precludes the city from filing a second petition under the same ordinance after the mandate has been filed.

2. SAME—*when an objection that an assessment is for indefinite amount should not be sustained.* An objection that an assessment ordinance is void because it provides for the collection of certain indefinite amounts, such as deficiencies and overdrafts, should not be sustained if the assessment is for completed work provided for in the original ordinance and estimate but not paid for, and the evidence shows that the amounts named in the ordinance were amounts which the work actually cost, some of which were advanced by the city before the original assessment was annulled.

APPEAL from the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding.

CHARLES H. MITCHELL, and LYMAN, LYMAN & O'CONNOR, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellant.

GEORGE W. WILBUR, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This assessment has been before us four times, the last case being *Cratty* v. *City of Chicago,* 217 Ill. 453, the opinion being rendered October 24, 1905, in which the facts are fully stated. On December 18, 1905, before the mandate of this court in that case had been filed in the county court, the city council passed a new ordinance for the collection of the unpaid balance of the cost of the improvement under

sections 57 and 58 of the Local Improvement act of 1897, as amended. (Hurd's Stat. 1905, p. 418.) On January 31, 1906, the city filed its first petition in the county court for the levy of an assessment under this ordinance. A motion was made to dismiss the petition upon the ground that the mandate of this court in the *Cratty case* had not been filed in the county court and that the appeal was still pending in this court. On April 22, 1906, the motion was sustained and the petition dismissed. The mandate was subsequently filed, and on September 15, 1906, the city filed another petition for the levy of an assessment under the ordinance of December 18, 1905. Forty-four objections were filed by appellees, and the court sustained the second, seventh, ninth, twenty-ninth and thirty-first, and overruled the others and dismissed the petition. Appellant, the city of Chicago, has prosecuted the appeal to this court questioning the ruling of the trial court in sustaining the above objections, and the appellees have assigned cross-errors as to the objections which the court did not sustain.

The second objection sustained was as follows: "A prior petition based upon the ordinance in the present petition, for the reasons above stated, was dismissed by this court on or about the 22d day of April, 1906; that said order dismissing said petition was a full and complete adjudication of all the matters involved in the ordinance herein." As we understand the position of appellees as to this objection, they claim that the order of the county court of April 22, 1906, dismissing the first petition under the ordinance of December 18, 1905, upon the ground that the mandate of this court in the *Cratty case* had not been filed in the county court and the appeal was therefore still pending in this court, was a full and complete adjudication of all the matters involved under the ordinance, and the city was without authority to file the second petition of September 15, 1906, under the same ordinance. This objection should not have been sustained. The dismissal of the first

petition under the ordinance of December 18 did not exhaust the authority of the city to file a second petition as soon as the reasons for sustaining the objection to the first had been removed. In the case of *Gage* v. *City of Chicago,* 216 Ill. 107, it was urged that a prior petition, recommendation, estimate and ordinance for the same improvement of the same street, and having the same termini on that street, were pending at the time of the institution of the proceedings to which objections in that case had been filed. The city, after the filing of the objections, dismissed the prior proceeding and produced a certified copy of the order of the court wherein it was instituted, showing final discontinuance thereof. The court ruled that the dismissal of the prior proceeding avoided the objection that a former action was pending, and declined to dismiss the latter proceeding but proceeded to final judgment. In passing upon that question, on page 112, we said: "The plea that another suit is pending is intended to prevent the defendant from being harassed and oppressed by two actions when but one is necessary to provide a complete remedy for the plaintiff. The dismissal of the prior action by the court in the case at bar relieved the appellants of all liability for costs therein, and we do not think the judgment should be reversed for the reason the court proceeded to the disposition of this action upon being advised by the records produced in court that the prior action had been discontinued. The consensus of current decisions holds, that even in an action at law the objection that a former action is pending is removed by the dismissal or discontinuance of the prior suit, even after plea in abatement has been filed in the second action." As soon as the mandate of this court in the *Cratty case* had been filed in the county court it removed the objection that another proceeding for the same assessment was pending, and the city was at liberty to file a second petition under the ordinance of December 18, and the first petition was not *res judicata* of the second.

The twenty-ninth objection was as follows: "The court has no jurisdiction herein, for the reason that at the time of the passage of the act of 1897, relating to local improvements, the original petition herein as to the· property of these objectors was pending and undisposed of; that by reason thereof this court has no jurisdiction to entertain the proceedings herein based upon said act of 1897 and the amendments thereto." The seventh objection is substantially the same as the twenty-ninth. These objections raised the question as to whether the proceeding for this assessment was pending at the time of the taking effect of the Special Assessment act of 1897 so as to bring the present proceeding under the saving clause of that act and required it to be brought under the act of 1872, or whether that original proceeding was not pending at the time of the taking effect of the act of 1897 so that further proceedings should be brought under the latter act. This is a question which has been before the county court and this court on these various appeals. Appellees have claimed at times that the original proceeding was pending when the act of 1897 went into effect, and at other times that it was not so. pending. From the stipulation of facts it appears that the original ordinance in this proceeding was passed by the city council July 8, 1895; that default and judgment of confirmation against the property here represented was entered December 18, 1895; that objections as to the remainder of the property represented in the original proceeding were overruled and judgment of confirmation entered against said property in February, 1897, and that no appeal was prosecuted from any of the judgments of confirmation for any of the property represented in the original proceeding; that appellees in this proceeding sued out a writ of error from this court on July 18, 1899; that between the time the judgments of confirmation heretofore mentioned were entered and the suing out of this writ of error no proceedings of any kind were had in the county court in reference to said

proceeding. It is therefore clear, on the facts set forth in this record, that the proceedings as to the property here involved were not pending on July 1, 1897. This supplemental assessment was correctly instituted under the Local Improvement act of 1897, and the county court improperly sustained the seventh and twenty-ninth objections. *Cratty* v. *City of Chicago, supra.*

The ninth objection alleges that the ordinance of December 18 is void because it provides for the collection of certain indefinite amounts, such as deficiencies and overdrafts, and includes other amounts which are unauthorized by law. There are three amounts specified in the ordinance, namely, "$8828.06 for paving, $866.15 for sewer adjustment as a part of said improvement, and $1300.58 deficiency and overdraft in this assessment by reason of payments heretofore made to said contractor, being in the aggregate the sum of $10,994.79, constituting the unpaid balance of said improvement." This petition is to pay for work already completed and for which payment has not been made. The evidence offered on behalf of the appellant shows that the amounts named in the ordinance are the amounts which the improvement actually cost, some of which were advanced by the city before the assessment was annulled. We do not think the county court was justified in sustaining the objection as to the two items of $8828.06 for paving and $1300.58 deficiency. These amounts were sufficiently definite, as is also the third item of $866.15 for sewer adjustment, but as to this last item we are not clear from this record whether it was a part of the original ordinance for this assessment. The testimony of one of the witnesses for appellant intimates that it was not. If the original ordinance and estimate did not cover this item it should not be included as a part of the cost in this supplemental proceeding. As the cause must be remanded for further proceedings, definite proof can then be made on this point.

The thirty-first objection sustained is disposed of by what has already been said.

Appellees assigned cross-errors upon the refusal of the court to sustain thirteen other objections to the petition. No good purpose would be served in setting out these objections in full. They are to the effect that at the time of the passage of the ordinance and at the time of the filing of the petition herein other proceedings were pending, and that the prior proceedings in the county court and in this court were conclusive of the matter. We do not think any of these objections should have been sustained and that the county court committed no error in refusing to do so.

Neither do we think there is any merit in the contention of appellees that this proceeding does not come within the provisions of sections 57 and 58 of the act of 1897.

The judgment of the county court will be reversed and the cause will be remanded to that court, with directions to overrule the objections as above indicated, and for further proceedings in accordance with the views above expressed.

*Reversed and remanded.*