## G. W. WALKER v. BEULAH VANDIVER.

### (Nashville. December Term, 1915.)

1. **ABATEMENT AND REVIVAL.** Pending action. Abandonment. What constitutes.

   Where process in a former action was returned unserved, and plaintiff did not sue out alias writs from term to term, the original action was abandoned and discontinued within Shannon's Code, sec. 4445, declaring that the suing out of a summons is the commencement of an action if the action is continued by the issuance of alias process from term to term, and so the second action could not be abated on the ground of a former action pending. (*Post, pp.* 425, 426.)

2. **ABATEMENT AND REVIVAL.** Former action pending.

   Defendant, a citizen of one county, removed to another county to avoid service, and was served in an action begun there. Thereafter he returned to the county of his residence and plaintiff then begun a new action in that county, defendant being duly served. He filed a plea in abatement and, after the filing of such plea, the first action was dismissed. *Held*, that in such case the dismissal occuring before the filing of the replication to the plea, the plea must be denied. (*Post, pp.* 426-432.)

   Cases cited and approved: Knight's case, 2 Ld. Raym., 1014; Wright v. Keifer, 131 Ill. App. 298; Nashville, etc., R. Co. v. Hubble 140 Ga., 368; Singer v. Scott, 44 Ga., 659; Frogg v. Long, 3 Dana (Ky.), 157; Com. v. Churchill, 5 Mass., 174; Le Clerc v. Wood, 2 Pin. (Wis.), 37; Curtis v. Piedmont Lumber, etc., Co., 109 N. C., 401; Rogers v. Hoskins, 15 Ga., 270; Chamberlain v. Eckert, Fed. Cas., No. 2576; Fowler v. Byrd, Fed. Cas., No., 4999a; Demond v. Crary (C. C.), 1 Fed., 480; Grider v. Apperson. 32 Ark., 332; Dyer v. Scalmanani, 69 Cal., 637; National Express Co. v. Burdette, 7 App. D. C., 551; Gage v. Chicago, 216 Ill., 107; Wright v. Keifer, 131 Ill. App., 298; Jer-

Walker v. Vandiver.

seyville Shoe Mfg. Co. v. Bell, 125 Ill. App., 496; Moorman v. Gibbs, 75 Iowa, 537; George Bohon Co. v. Moren, 151 Ky., 811; Citizens' Nat. Bank v. Froman, 111 Ky., 206; Wilson v. Milliken, 103 Ky., 165; Draughn v. Wolf, 11 Ky., Law Rep., 366; Gist v. Shean, 8 Ky., Law Rep., 509; Manufacturers' Bottle Co. v. Taylor-Stites Glass Co., 208 Mass., 593; Nichols v. State Bank, 45 Minn., 102; Page v. Mitchell, 37 Minn., 368; Carson-Rand Co. v. Stern, 129 Mo., 381; Warder v. Henry, 117 Mo., 530; State v. Hines, 148 Mo. App., 298; Peterson v. Butte, 44 Mont., 129; Porter v. Kingsbury, 77 N. Y., 164; Averill v. Patterson, 10 N. Y., 500; Lord v. Ostrander, 43 Bart., 337; O'Beirne v. Lloyd, 31 N. Y. Super. Ct., 19; Trow Printing, etc., Co. v. New York Book Binding Co., 3 N. Y. Supp. 59; Beals v. Cameron, 3 How. Prac., 414; Smith v. White, 7 Hill, 520; Marston v. Lawrence, 1 Johns. Cas., 397; Farris v. Hayes, 9 Or., 81; Gardner v. Kiehl, 182 Pa., 194; Findlay v. Keim, 62 Pa., 112; Toland v. Tichenor, 3 Rawle, 320; Banigan v. Woonsocket Rubber Co., 22 R. I., 93; Trawick v. Martin Brown Co., 74 Tex., 522; Payne v. Benham, 16 Tex., 364; Langham v. Thomason, 5 Tex., 127; International, etc., R. Co. v. Barton, 24 Tex. Civ. App., 122; Texas, etc., R. Co. v. Kenna (Tex. Civ. App.), 52 S. W., 555; Norfolk, etc., R. Co. v. Nunnally, 88 Va., 546; Wright v. Suydam, 72 Wash., 587; Turner v. Lumbrick, 19 Tenn., 7-13.

FROM FRANKLIN

Appeal from the Circuit Court of Franklin County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— NATHAN L. BACHMAN, Judge.

FRANK L. LYNCH and FLOYD ESTILL, for plaintiff in error.

J. M. LITTLETON, FELIX LYNCH and H. M. TEMPLETON, for defendant in error.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

Miss Vandiver recovered a judgment against Walker based on the verdict of a jury for the sum of $1,500 as damages for breach of a contract to marry, and the court of civil appeals affirmed the judgment. Walker has brought the record here on petition for *certiorari*, and makes a single assignment of error, which is that the court of civil appeals erred in holding that the replication to the plea in abatement was sufficient. ·

The plea in abatement was based on the pendency of two former suits for the same cause of action by plaintiff against defendant. The plea averred that one of said suits was pending in the circuit court of Franklin county at the time of the institution of the present suit, and the same averment was made in respect of the pendency of another suit in the circuit court of Bledsoe county; wherefore judgment was prayed of the summons and declaration in the present suit that they be quashed. To the foregoing plea in abatement plaintiff replied that when the summons in the former Franklin county action was sued out defendant had absconded, concealing himself so that service could not be had upon him, and that service of said summons was never made upon defendant, wherefore that action had been abandoned by plaintiff before the present suit was instituted.

The summons in the former Franklin county suit was issued on April 5, 1913, and the summons in the present suit was issued on November 28, 1913, and was executed by service upon defendant the same day it was

issued. It does not appear that alias process was issued from term to term in the action which was begun by issuance of the summons on April 5, 1913. See section 4445, Shannon's Code. There was no issuance of alias process returnable to the August term of the circuit court for the year 1913. We are therefore of the opinion that the former Franklin county, suit had been abandoned and discontinued, and was not pending at the date of the institution of the present Franklin county action.

In addition to the above reply to the plea in abatement as to the former Franklin county suit it appears that said suit was formally dismissed by proper order in the circuit court of Franklin county made at its August term, 1914, and this dismissal was prior in date to the filing of the replication of the plaintiff to the plea in abatement, but after the plea was filed.

The reply made by plaintiff to the plea in abatement in respect of the Bledsoe county former suit was that at the time of the suing out of process in said action the defendant, who was a citizen of Franklin county, was in hiding in Bledsoe county, concealing himself there for the purpose of avoiding process. Nevertheless process was served upon him in said former Bledsoe county suit, and thereafter defendant returned to his home in Franklin county, whereupon plaintiff abandoned her suit in Bledsoe county, and instituted the present suit in Franklin county, and since the filing of the plea in abatement in the present cause on December 16, 1913, plaintiff has formally dismissed the Bledsoe county

suit by proper order entered of record therein in the circuit court of Bledsoe county.

Undoubtedly the Bledsoe county suit was a former suit pending at the date of the institution of the present suit.

It is insisted for defendant that according to the common-law rule plaintiff could not, after a plea in abatement of the pendency of a former suit, avoid the effect of the plea by setting up in reply a discontinuance or dismissal of the former suit. On this subject, in 1 Corpus Juris, p. 94 sec. 132, it is said:

"The rule at common law was to sustain the plea if it was true at the time it was filed. Accordingly, at common law plaintiff could not, after a plea in abatement of the pendency of a prior suit, avoid the effect of the plea by discontinuing the prior action"—citing Chitty Pl. (16th Am. Ed.) 470; *Knight's Case,* 2 Ld. Raym., 1014, 92 Reprint, 175, 1 Salk., 329, 91 Reprint, 290. And see *Wright v. Keifer,* 131 Ill. App., 298. "And this rule has been followed in some of the States"—cit- *Nashville, etc., R. Co.* v. *Hubble,* 140 Ga., 368, 78 S. E. 919; *Singer* v. *Scott,* 44 Ga., 659 (under Georgia Code); *Frogg* v. *Long,* 3 Dana (Ky.), 157, 28 Am. Dec., 69; *Com.* v. *Churchill,* 5 Mass., 174; *Le Clerc* v. *Wood,* 2 Pin. (Wis.), 37. And see *Curtis* v. *Piedmont Lumber, etc., Co.,* 109 N. C., 401, 405, 13 S. E., 944. Compare, however, *Rogers* v. *Hoskins,* 15 Ga., 270. "In nearly all jurisdictions, however, the modern doctrine is that it is a good reply to a plea of the pendency of a prior action for the same cause that the former suit has been dis-

missed or discontinued, whether before of after the filing of the plea" —citing United States: *Chamberlain v. Eckert,* Fed. Cas., No. 2,576, 2 Biss., 124; *Fowler* v. *Byrd,* Fed. Cas., No. 4,999a, Hempst., 213. But see *Demond* v. *Crary* (C. C.), 1 Fed., 480. Arkansas: *Grider* v. *Apperson,* 32 Ark., 332. California: *Dyer* v. *Scalmanani,* 69 Cal., 637, 11 Pac., 327. District of Columbia; *National Express, etc., Co.* v. *Burdette,* 7 App. D. C., 551. Illinois: *Gage* v. *Chicago,* 216 Ill., 107, 74 N. E., 726; *Wright* v. *Keifer,* 131 Ill. App., 298; *Jerseyville Shoe Mfg. Co.* v. *Bell,* 125 Ill. App., 496. Iowa: *.Moorman* v. *Gibbs,* 75 Iowa, 537, 39 N. W., 832. Kentucky: *George Bohon Co.* v. *Moren,* 151 Ky., 811, 152 S. W., 944; *Citizens' Nat. Bank v. Froman,* 111 Ky., 206, 63 S. W., 454, 757, 23 Ky. Law Rep., 613, 56 L. R. A., 673, *Wilson* v. *Milliken,* 103 Ky., 165, 44 S. W., 660, 42 L. R. A., 449, 82 Am. St. Rep., 578. Contra, *Draughn* v. *Wolf,* 11 Ky. Law Rep., 366; *Gist* v. *Shean,* 8 Ky. Law Rep., 509. Massachusetts: *Manufacturers' Bottle Co.* v. *Taylor-Stites Glass Co.,* 208 Mass., 593, 95 N. E., 103. Minnesota: *Nichols* v. *State Bank,* 45 Min., 102, 47 N. W., 462; *Page* v. *Mitchell,* 37 Minn., 368, 34 N. W., 896. Missouri: *Carson-Rand Co.* v. *Stern,* 129 Mo., 381, 31 S. W., 772, 32 L. R. A., 420; *Warder* v. *Henry,* 117 Mo., 530, 23 S. W., 776; *State* v. *Hines,* 148 Mo. App., 298, 128 S. W., 250. Montana: *Peterson* v. *Butte,* 44 Mont., 129, 120 Pac., 231, 233, citing Cyc. New York: *Porter* v. *Kingsbury,* 77 N. Y., 164; *Averill* v. *Patterson,* 10 N. Y., 500; *Lord* v. *Ostrander,* 43 Barb., 337; *O'Beirne* v. *Lloyd,* 31 N. Y. Super. Ct., 19, 6 Abb. Prac. (N. S.), 387, re-

versed on other grounds 43 N. Y., 238; *Trow Print-ing, etc., Co.* v. *New York Book Binding Co.,* 3 N. Y. Supp., 59; *Beals* v. *Cameron,* 3 How. Prac., 414; *Smith* v.*White,* 7 Hill, 520; *Marston* v. *Lawrence,* 1 Johns. Cas., 397. Oregon: *Farris* v. *Hayes,* 9Or., 81. Pennsylvania: *Gardner* v. *Kiehl,* 182 Pa., 194, 37 Atl., 829; *Findlay* v. *Keim,* 62 Pa., 112; *Toland* v. *Tichenor,* 3 Rawle, 320. Rhode Island: *Banigan* v. *Woonsocket Rubber Co.,* 22 R. I., 93, 46 Alt., 183. Texas: *Trawick* v. *Martin Brown Co.,* 73 Tex., 522, 12 S. W., 216; *Payne* v. *Benham,* 16 Tex., 364; *Langham* v. *Thompson,* 5 Tex., 127; *International, etc., R. Co.,* v. *Barton,* 24 Tex. Civ. App., 122, 57 S. W., 292; *Texas, etc., R. Co.* v. *Kenna* (Tex. Civ. App.), 52 S. W., 555. Virginia: *Norfolk, etc., R. Co.* v. *Nunnally,* 88 Va., 546, 14 S. E., 367. Washington: *Wright* v. *Suydam,* 72 Wash., 587, 603, 131 Pac., 239, quoting Cyc.

In 1 Cyc., p. 25, the present rule is stated as follows:

"The tendency of the later cases and a preponderance of authority sustain the doctrine that it is a good answer to a plea of the pendency of a prior action for the same cause that the former suit has been discontinued, whether the discontinuance be before or after the filing of the plea. Under this doctrine the plea will be overruled unless the prior suit is pending at the time of the trial of the second."

To sustain the above text a large array of authorities is cited.

It is insisted for defendant that this question is open in Tennessee. The point is, however, hardly maintain-

able under our authorities.   It is laid down in Caruth-
ers' History of a Lawsuit (4th Ed.) 169, that:

"If the plea in abatement is the pendency of another
suit for the same cause of action, the former suit may be
dismissed, and that fact being replied, the abatement is
obviated."-

*Turner* v. *Lumbrick,* 19 Tenn. (Meigs), 7-13, was an
action of forcible entry and detainer, to which the de-
fendant  pleaded  a  former  suit pending  wherein the
same form of action between the same parties was being
prosecuted, and prayed that the proceedings in the
later suit be quashed.  The plaintiff admitted that there
was another action pending for the same cause between
the same parties, but "elected of record to proceed in
the present action, and released the defendant from all
and every other action of forcible entry and detainer ex-
cept the present."   Whereupon the trial court directed
that the trial of the cause be proceeded with, and the
verdict of the jury was in favor of the plaintiff on the
issue thus made.  In disposing of the question, Judge
Green, speaking for the court, said:

"But the plaintiff having released of record, all other
actions of forcible entry and detainer, the court refused
to continue the cause.  In this there is no error.  If
there was another suit pending for the same cause of
action, this release might have been pleaded as an ef-
fectual defense."

It is insisted for defendant that under the rule of
the common-law the replication to the defendant's plea
was insufficient, inasmuch as the plea was true at the

Walker v. Vandiver.

time it was made; that we have no statute changing the
rule of the common law, and therefore it was the right
of the defendant that the common-law rule should have
been applied in the decision of this case. Without de-
ciding whether the rule insisted upon ever became incor-
porated into the law of this State, it is manifest from
the authorities above referred to that it has never been
recognized by this court as a rule of law binding upon
the courts of this State, and it is a rule opposed to the
policy of our legislation in respect of remedial actions,
and opposed to the general spirit of our legislation
which seeks to have all controversies determined upon
their merits rather than upon the technicalities of the
formal procedure of the common law. The theory of
the common law, as laid down in 1 Bacon Abr., 28 M.,
was that:

"The law abhors multiplicity of actions; and there-
fore whenever it appears on record that the plaintiff
had sued out two writs against the same defendant for
the same thing, the second writ shall abate; for, if it
were allowed that a man should be twice arrested, or
twice attached by his goods for the same thing, by the
same reason he might suffer *infinitum;* and it is not
necessary that both should be pending at the time of the
defendant's pleading in abatement; for if there was a
writ in being at the time of the suing out of the second,
it is plain the second was vexatious, and ill *ab initio.*"

The reasoning above set out hardly suffices to answer
the demands of justice under conditions which prevail
at the present day. Especially is this true under our

system of jurisprudence.  The dodging of process by the defendant in the present suit, culminating finally in the plea which we have been considering, furnishes a good illustration of the evils which grew up under the earlier decisions and led to the gradual abandonment of the older rule and the adoption of the modern one.

We think there is no merit in petitioner's assignment of error, and the same is therefore overruled, and the judgment of the court of civil appeals is affirmed.