(Toland *v.* Tichenor.)

———— ◆ ————

[Philadelphia, February, 1832.]

## TOLAND *against* TICHENOR.

In pleading in abatement the pendency of a former suit for the same cause of action, it is necessary to aver, that the former suit remained depending and undetermined *at the time of the plea pleaded.*

*Henry Toland,* the plaintiff, having brought suit in this court to *July* term, 1827, against *Gabriel Tichenor,* and declared in *assumpsit,* the defendant, on the 10th of *December,* 1831, pleaded in abatement, that before the commencement of this suit, the plaintiff had brought suit against the defendant for the same cause of action in the District Court of the *United States,* for the *Mississippi* district. The plea concluded with an averment, " that the plea aforesaid remained at the time of *the commencement of the present* suit depending and undetermined in the said District Court," &c. but it contained no averment, that it remained so *at the time the plea in abatement was pleaded.*

The plaintiff demurred to the plea, and the defendant joined in demurrer.

It appeared from an exemplification of the record, that the suit in *Mississippi* was discontinued on the 14th of *August,* 1827.

(Toland *v.* Tichenor.)

*Stroud* and *T. Sergeant,* in support of the demurrer.　1. The plea in abatement is defective in not averring the pendency of the other suit at the time of pleading, but merely that it was pending and undetermined at the commencement of this suit.　All the forms contain an averment, that the other suit remains undetermined at the time of the plea pleaded.　This is a strong argument in favour of the necessity of such an averment, and quite sufficient to countervail a mere *dictum* of Chief Justice PARSONS, in a case, in which the point did not arise, when, too, the authorities in the year books, to which he refers, do not support him.　2 *Chitty Pl.* 466. 1 *Wentw.* 8. *note.* *Story Pl.* 120, 121. *Marston* v. *Lawrence,* 1 *John. Cas.* 397. *Sellon's Pr.* 44.　In this case, the omission was not accidental, for the fact would not have supported such an averment.　The record showed, that there was no suit pending in *Mississippi* when the plea here was put in, for it had been previously discontinued.　The plea admits, that if the suit there had been discontinued before the commencement of the suit here, there would be no objection to the latter suit, but if a suit instituted in another place cannot be discontinued, after suit brought here and before plea pleaded, the effect is to deprive a citizen of *Pennsylvania* of the privilege of suing in the courts of his own state, which is hard and unreasonable.　To say, it is vexatious towards the debtor, is to argue with an eye to his interest only, and to disregard that of the creditor entirely.　Why should the plaintiff be subjected to the expense and inconvenience of a foreign jurisdiction any more than the defendant ?　The opposite argument goes upon the idea, that the plaintiff has elected his jurisdiction, but this is an error; he makes no election, but is compelled to sue wherever he can find his debtor.　The courts in *England* have concurrent jurisdiction, and if after having sued in one, a party chooses to sue in another, it is mere wantonness and will not be permitted.　But the courts of any of the king's foreign dominions are not so regarded. The pendency of a suit in *Ireland, Scotland* or the *West Indies,* cannot be pleaded in abatement of a suit in *England,* because the plaintiff had no choice, but was obliged to sue where he could.　The reason applies with at least as much force to a citizen of *Pennsylvania,* whose debtor has been sued in another state, and then comes into *Pennsylvania,* which is the natural jurisdiction of its citizens, particularly when the debt is incurred here.　He knows his own tribunals and his own laws, but knows nothing of those of *Mississippi.* The courts of the *United States,* when deciding on matters within a state, are state courts, and governed by state decisions.　The District Court of *Mississippi* is, therefore, a state court, and in every respect substantially foreign, as respects *Pennsylvania.*

2. The District Court of the *United States* for the *Mississippi* District, was a foreign tribunal, as regards *Pennsylvania,* and, therefore, if that suit were still pending, it would be no ground for abating the present writ.　The constitution of the *United States* provides, that full faith and credit shall be given in one state to certain things done

(Toland *v.* Tichenor.)

in another. This provision assumes, that the states are foreign to each other, for if they were not, it would not have been necessary. So far as respects the matters thus provided for, they cease to be foreign. The object was not to consolidate the states, but to form a national government for certain purposes. Had it not been for the constitution, the states would have stood towards each other in the relation of foreign governments in every respect, and they are so now, except so far as that instrument binds them together. The question, however, is not, whether the states are foreign to each other, but whether their tribunals are foreign or domestic. No court can properly be called domestic in *Pennsylvania*, which has not some relation to this court, which is the supreme court of the last resort in the state. The District Court of *Mississippi* cannot be considered, in any sense, a court of *Pennsylvania*, nor has it any relation to this court. It is, therefore, a foreign court, except so far as the constitution of the *United States* has operated on the subject, which it has done to the extent of providing a mode of authenticating its acts. But a judgment, proved in the manner provided for, has not the effect of a judgment in *Pennsylvania*, which operates *per se*, while it is necessary to bring suit on the judgment of another state before effect can be given to it. The clause in the constitution, which relates to this subject, has a view to evidence and nothing more. It leaves the states, as they were, in respect to what they have a right to do, but provides a mode of proving what they have done; a bill of exchange, therefore, drawn in one state on a person in another state, is a foreign bill. *Buckner* v. *Findley*, 2 *Peters' Rep.* 586. Judge WASHINGTON, in that case, (p. 592.) says, that the courts of nearly all the states have decided, that a judgment of another state is a foreign judgment. This, being a matter growing out of the constitution of the *United States*, is peculiarly within the province of the Supreme Court of the *United States*, and their decision upon it is conclusive. Substantially, a judgment of another state is a foreign judgment. A contrary rule would produce great mischief. The states differ in their laws and the modes of administering them. We do not know what the justice of *Mississippi* may be, and if its justice differs from ours, it is not justice to a citizen of *Pennsylvania*. It is her justice alone, which is entitled to that name in reference to her citizens. If the other suit is pending before a foreign tribunal, nothing can be more clear, than that it is not the subject of a plea in abatement here. *Mills* v. *Ducoy*, 7 *Cranch*, 485. *Bowne* v. *Joy*, 9 *John. Rep.* 221. *Walsh* v. *Durkin*, 12 *John. Rep.* 99.

3. The District Court of the *United States* for the *Mississippi* District, is a court of inferior and limited jurisdiction, and the plea does not show, that it had jurisdiction of the suit in question. Pleas in abatement are not favoured. They must be certain and clear, and set forth every thing necessary to support them. *Jackson qui tam* v. *Gisling*, 2 *Str.* 1169. To render this plea good, it should have stated every thing necessary to show, that the District Court of *Mississippi*

(Toland *v.* Tichenor.)

had jurisdiction of the suit, the pendency of which was pleaded. We know nothing of the power and jurisdiction of the court referred to. In general, the District Courts of the *United States* have not jurisdiction of such suits, and if that of *Mississippi* had, it ought to have been shown by the plea. *Wheeler* v. *Raymond,* 8 *Cowen,* 314.

4. The writ issued out of this court, being a general writ, giving no specific information of the cause of action, and a discontinuance being entered in the former suit, before the plaintiff counted in this court, the plea of *auter action pendent,* is inapplicable and cannot be maintained. 2 *Browne,* 175.

*Pettit* and *J. R. Ingersoll,* contra, called the attention of the court to the pleadings and the facts they presented, observing that the court would not go beyond them. The first objection, they said, was purely technical. *Sparry's Case,* 5 *Co.* 61, has furnished the rule for all those, which came after it. It contains the whole law on the subject, and subsequent cases are mere repetitions. It may be summed up in a few words; that a man shall not be vexed twice for the same cause, unless the first action was in an inferior court. If there is a writ in being when a second is sued out, the law considers the last suit as plainly vexatious, which shows, that both need not be in existence at the time of the plea pleaded. 1 *Ba. Ab.* 23, 24. *Freeman,* 401. *Combe* v. *Pitt,* 3 *Burr.* 1432. There is nothing before the court to show judicially, that the suit in *Mississippi* was discontinued, and they, therefore, ought to presume it is still pending. But if this were regularly shown, it does not affect the validity of the plea. If the suit in this court was not maintainable at its commencement, it cannot be supported by any thing which occurred afterwards. The discontinuance had no relation back. It operated only from the time when it was entered, and at that time two suits were proceeding for the same cause of action in different courts. *Bezaliel Knight's Case,* 2 *Ld. Ray.* 1014. There is neither reason nor authority for the position, that the pendency of the former suit, at the time of the plea pleaded, must be averred. It is true, the precedents generally contain such an averment, but although they are entitled to respect, they do not make the law, and the text and notes of the writers of elementary treatises, do not say, that such an averment is required. There is, on the other hand, high authority against the position. Chief Justice Parsons, in *Comm'th* v. *Churchhill,* denies the necessity of such an averment, and says, it is enough to aver the pendency of the first suit when the second was commenced. The decisions of *Virginia, Connecticut* and *Massachusetts* have settled the law in those states as we now contend for it, and those of *Pennsylvania* lean to the same doctrine. *Johnson* v. *Bowers,* 4 *Hen. & Munf.* 487. *Hart* v. *Granger,* 1 *Conn. Rep.* 154. *Clifford* v. *Cony,* 1 *Mass. Rep.* 495. *Comm'th* v. *Cheney,* 6 *Mass. Rep.* 347. *Renard* v. *Marshall,* 1 *Wheat.* 17. *Mechanic's Bank* v. *Fisher,* 1 *Rawle,* 347. *Engle* v. *Nelson,* 1 *Penn. Rep.* 442. In *New York* the decisions have been contradictory. *Jenkins* v. *Pepoon,* 2 *John. Ca.* 2. 312.

(Toland *v.* Tichenor.)

*Embree* v. *Hanna*, 5 *John. Rep.* 101. If the question should come up again in the courts of *New York*, they would probably review their contradictory decisions, and place the matter on the same footing that the *English* courts have done, and those of our sister states. Reason and policy support the present plea. If after a suit is commenced in one state, it may be discontinued, for the purpose of supporting another suit, already brought in another state, the expense, vexation and oppression, to which the defendant is subjected, are just the same, as if the discontinuance had never been entered; and the effect will be to prevent persons, against whom suits are pending in their own states, from travelling out of them.

The error of the *New York* decisions is, that they treat the courts of other states as foreign tribunals, an opinion which is now exploded. The cases of *Evans* v. *Tatem*, 9 *Serg. & Rawle*, 259, and *Benton* v. *Burgot*, 10 *Serg. & Rawle*, 240, are conclusive as to the domestic character of a judgment in the court of a sister state. The jurisdiction of the court is never mentioned in the plea, unless it appear from the record, that it is an inferior court, in which case it must be shown, that it has jurisdiction. The case of *Jackson* v. *Gisling* went upon the necessity of showing the days, on which the two suits were respectively commenced, as both were to the same term. The court, in which the first suit was brought in this instance, was not one of inferior and limited jurisdiction, and if the plea had set out its jurisdiction, it would have been an admission of its inferiority. In *Mississippi* there is no Circuit Court, and the District Court has the powers and jurisdiction of a Circuit Court. *Judiciary Act of Sept.* 14, 1788, sec. 12. *Sergt. Con. Law,* 185. (2d ed.) It is a court of record, which, in legal contemplation, is the criterion of a superior court.

The opinion of the court was delivered by

HUSTON, J.—The argument in this case has embraced a much wider space than is necessary to decide this cause. It is conceded, that all the precedents are, that the former action is pending at the time of plea pleaded. The plea in this case is, that the suit in *Mississippi* remained depending and undetermined at the *commencement* of *the present suit.* No authority has been produced to support this plea as pleaded. The case in 2 *Ld. Ray.* 1014, and the same case in *Salkeld,* do not. It is there decided, that the plaintiff cannot discontinue his former suit after the defendant has pleaded it to the second. It is, however, plainly inferible from the short note of that case, that the plea was in the usual form, *viz.* that the former suit was still pending at the time of plea pleaded. The modern authorities seem to say, that although the former suit is pending when the plea in abatement is put in, yet the plaintiff may, after that discontinue it, and reply, that there is no such suit pending. The plea in this case is then bad in not stating, that the former action was still pending at the time of the plea pleaded, and the defendant must answer over.