182     194
e 25 SC ¹371

## J. K. Gardner and W. H. Hyde, Surviving Partners as Hall, Gardner & Co., Appellants, v. Jesse Kiehl, Sheriff.

*Practice, C. P.—Lis pendens—Plea in abatement.*

The pendency of a prior action is the subject of a plea in abatement, not of a motion to quash the second writ.

A plea in abatement setting up the pendency of a prior action must allege that the first suit was pending when the plea in abatement was pleaded.

*Public officers—Sheriffs—Action against sheriff.*

An action of trespass against a sheriff for misfeasance in office is transitory, and may be brought in a county other than the sheriff's bailiwick.

*English statutes — Report of judges—Presumption — Act 21 James I., ch. 12.*

The omission of an English statute from the list of English statutes reported as in force by the judges of the Supreme Court, 3 Binney, 595. while not conclusive against the statute, raises a presumption of very great weight that it is not in force in this state.

The Act of 21 James I., ch. 12, relating to actions against public officers is not in force in Pennsylvania.

Argued May 3, 1897.   Appeal, No. 85, Jan. T., 1897, by plaintiffs, from order of C. P. Elk Co., Sept. T., 1894, No. 47,

making absolute a rule to quash writ of summons. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Reversed.

Motion to set aside summons.

A rule was granted upon the following motion.

And now, August 6, 1894, Jesse Kiehl, the defendant above named, by W. W. Ames, his attorney, appearing specially for the purpose of making this motion, moves the court to quash or set aside the writ of summons served upon him in the above stated case, for the following reasons:

1. The said defendant now is, and at the time the cause of action in this case arose was, the duly elected, qualified and acting sheriff of Clarion county, in the state of Pennsylvania.

2. This action is founded upon an alleged trespass committed by the defendant while acting in his official capacity of sheriff of Clarion county, as aforesaid, in levying upon and selling certain personal property in said county as the property of one W. W. O'Neil, Jr., under and by virtue of certain writs of fieri facias issued out of the court of common pleas of said county of Clarion to cases Nos. 31, 35, 36 and 37 of August term, 1893, of said court, wherein G. W. Arnold, president, in trust for the First National Bank of Clarion, Pa., Rachel K. Pollard, S. Win Wilson and the Clarion Hardware Co., respectively, were the plaintiffs, and the said W. W. O'Neil, Jr., was the defendant. It being alleged by the plaintiffs in this case that a part of the said personal property so levied upon and sold as the property of the defendant in said writs of fieri facias, to wit: the said W. W. O'Neil, Jr., was not the property of the said O'Neil, but was the property of the said plaintiffs; wherefore, they, the said plaintiffs, bring this action.

3. That the judgments, writs of fieri facias and proceedings had thereon as aforesaid, under and in virtue of which the said defendant justifies his action in making sale of the personal property as aforesaid, are the records, etc., of the said court of common pleas of Clarion county, and the same are material and necessary, and will be required as evidence in making his defense to this action.

4. That in the circumstances the defendant is advised by counsel and believes that this is not a transitory, but a local

action, and can only be brought in the court of common pleas of the said county of Clarion.

5. That to permit said plaintiffs to bring this action in the said county of Elk would be in contravention of the convenience and policy of the state, in that public officers should be permitted to remain at home in performance of duties local in their nature, and not dragged away from their offices and duties to run over the state at the call of individual suitors.

6. That the said plaintiffs, on or about April 24, 1893, brought suit in the said court of common pleas of Clarion county against this defendant, to case No. 57 of August term, 1893, for the same cause of action as the present suit, which said first mentioned action is at issue, and was pending and undetermined at the time the present action was brought against him.

7. That the costs amounting to a large sum, incurred in said action brought in the said court of common pleas of Clarion county aforesaid, were not paid or discharged at the time of bringing the present action, and the same still remains due and unpaid.

A stipulation was filed of record by counsel that the averments of the petition be taken as true.

The court made absolute a rule to set aside the summons.

*Error assigned* was the order of the court.

*Harry Alvan Hall,* with him *G. A. Jenks, F. J. Maffett* and *B. J. Reid,* for appellant.—A fi. fa. is no protection to the sheriff or constable for levying on the goods of a stranger : McMichael v. Mason, 13 Pa. 214; Mollison v. Bowman, 3 Clarke, 283; Elder v. Morrison, 10 Wend. 128; Shipman v. Clark, 4 Denio, 446; Bell v. Oakley, 2 M. & S. 259; Parton v. Williams, 3 B. & Ald. 336; Megee v. Beirne, 39 Pa. 50; Rothermel v. Marr, 98 Pa. 285; Matthews v. Densmore, 109 U. S. 216.

At the argument below, 1 Chitty Pl. *277, *278, was cited to show that actions against public officers are local, but it there appears that certain acts of parliament so provided. One of them, 21 Jac. I., c. 12, sec. 5, was never adopted in Pennsylvania (see Report of Judges, 3 Binn. 623), and the others, 23 Geo. III., and later statutes, being after the Revolution, were never in force here : Mostyn v. Fabrigas, Cowp. 161.

Authorities showing that actions against municipal corporations are local have no application. They do not migrate and must, perforce, be sued where they are found: Wright v. Guier, 9 Watts, 179; Smith v. Bull, 17 Wend. 324.

A sheriff may be sued out of his county for misfeasance in office: Foster v. Baldwin, 2 Mass. 569; French v. Judkins, 7 Mass. 229; Pearce v. Atwood, 13 Mass. 324; Jones v. Pemberton, 7 N. J. L. 350; Griffith v. Walker, 1 Wils, 336; Glen v. Hodges, 9 Johns. 67; Buck v. Colbath, 3 Wall. 334; McKee v. Rains, 10 Wall. 25.

Actions for torts to the person or to personal property are transitory, though the cause of action arose in another state or country: Ackerson v. Ry., 31 N. J. L. 310; McKenna v. Fisk, 1 How. 241; Dennick v. C. R. R., 103 U. S. 11; Oliphant v. Smith, 3 P. & W. 181.

A plea of lis pendens must aver that the former suit remained pending and undetermined at the time of plea pleaded. A plaintiff may discontinue a former action after a plea in abatement, and reply that there is no such action pending: Toland v. Tichenor, 3 Rawle, 320; Findlay v. Keim, 62 Pa. 112.

On the whole we submit that the plaintiffs had a legal right to maintain their suit in Elk county, and that it was error to set aside their summons. It was an order in the nature of a final judgment putting an end to the case, and is of course reviewable here: Pontius v. Nesbit, 40 Pa. 309; Feagley v. Norbeck, 127 Pa. 238.

*W. W. Ames*, with him *C. H. McCauley*, for appellees.—The plaintiffs by bringing their action in Clarion county elected their court, and the case having been put at issue, the defendants acquired rights which plaintiffs were bound to respect and the court protect: Mechanics' Bank of Phila. v. Fisher, 1 Rawle, 341.

The action is local. It is ordained by the statutes of 21 James I, ch. 12, that all actions brought against any officers of justice, shall be laid in the county where the acts are committed: 10 Bacon's Abridgment, 369, "Venue"; Jacob's Law Dictionary, Tomlins' ed. vol. 2, "Venue"; Stiles v. Coxe, 1 Vaughan, 111.

The statute of James I is not included in the list of English statutes reported by the judges to be in force in Pennsylvania

in their report in 3 Binney, 595; but so far from this fact being conclusive, it never has been pretended that this report of the judges was a complete list of English statutes in force in Pennsylvania; it did not purport to be such a list, and many statutes not therein mentioned subsequently have been recognized as being part of the law of this state: Warren v. Steer, 118 Pa. 529; Koons v. Seward, 8 Watts, 388.

The usage and practice of the courts in recognizing statutes is sufficient to establish their validity: Respublica v. Mesca, 1 Dallas, 73.

In Lamson Consolidated Store Service Co. v. Speir, 22 Abb. N. C. 355, it was held that where a cause of action against a sheriff arose out of an act done in performance of his official duty, he will not, although others be sued with him, be deprived of his right to a trial in the county whose officer he is, and he is entitled to have a cause of action begun elsewhere removed there: Wintjen v. Verges, 10 Hun, 576; Cowen v. Quinn, 13 Hun, 344; Roach v. O'Dell, 18 Week. Dig. 204; People v. Kingsley, 8 Hun, 233; Graham v. Smith, 62 Mich. 147; Clay v. Hoysradt, 8 Kan. 58; Bank of Kentucky v. Harrison, 1 Bush, 384; Foster v. Wade, 4 Bush, 628; Wilson v. Rich, 5 N. H. 454; State v. Steele, 33 La. Ann. 910; Seeley v. Birdsall, 15 Johns. 267; Hull v. Southworth, 5 Wood. 265.

An action against a public officer for an act done virtute officii must be tried in the county where the cause of action arose, unless changed for causes specified in the statute: People v. Hayes, 7 How. Pr. 248; Porter v. Pillsbury, 11 How. Pr. 240; Oil City v. McAboy, 74 Pa. 251; Beeson v. Com., 13 S. & R. 248; Jones v. Pemberton, 2 Halsted, 350; Griffith v. Walker, 1 Wilson, 336.

OPINION BY MR. JUSTICE MITCHELL, July 15, 1897:

It is to be regretted that the court below did not give us the benefit of its reasons for quashing the writ. Two grounds are set up by the defendant, first, that plaintiffs had a suit pending and at issue in Clarion county for the same cause of action at the time this suit was brought, and secondly, that the cause of action is local and not transitory.

As to the first ground the judgment must be reversed for irregularity. The pendency of a prior action is the subject of

a plea in abatement, not of a motion to quash the second writ. But as a plea in abatement, the matters set up in the petition to quash would be insufficient, for they only allege that the first suit was pending when the second writ was issued, and not, as is necessary, when the plea was pleaded: Toland v. Tichenor, 3 R. 320. Even if pending at the time the petition to quash was filed, the authorities are that plaintiff might discontinue the first suit and reply that there was no such action pending: Findlay v. Keim, 62 Pa. 112. Leave to discontinue the first action even nunc pro tunc as of a date prior to the second writ was within the discretion of the court of Elk county, and the court of Clarion had no jurisdiction over that matter. The order quashing the writ was therefore irregular and void in any point of view, and must be reversed.

But the order was erroneous in substance as well as in form. The claim that the cause of action is local cannot be sustained. It is conceded that the action of trespass is transitory and that this suit must fall within the general rule, unless the fact that it is against the sheriff for an act done in the conduct of his office makes it an exception. But such exception can only be established by statute, or such reasons of public convenience as will compel the courts to declare it as part of the policy of the state.

The only statutory authority adduced in this case is the Act of 21 James I, ch. 12. This act does not in terms apply to actions against sheriffs, and it is not entirely clear that it has been construed to include them. It is not necessary to go into this question however, as the act is not in force in this state. No instance of its application has been found by the industry of the learned counsel for the defendant, and it is not included in the list of English statutes reported as in force by the judges of this court: 3 Binney, 595. It is true that this omission is not conclusive against the statute, but it raises a presumption of very great weight. The report, as said by so eminent a lawyer as Mr. Binney, in printing it in his third volume, " deserves to be placed by the side of judicial decisions, being the result of very great research and deliberation by the judges, and of their united opinion. It may not perhaps be considered as authoritative as judicial precedent, but it approaches so nearly to it that a safer guide in practice, or a more respectable, not to

say decisive authority in argument, cannot be wanted by the profession." That is the view that has always been taken by this court, and in citing any of the British statutes as ground of judgment it has been considered sufficient to refer to that report as authority for their continuance as part of the law of the state. See Finney v. Crawford, 2 Watts, 294; Kline v. Jacobs, 68 Pa. 58; Savage v. Everman, 70 Pa. 315; Frisbee's Appeal, 88 Pa. 144; Carson v. Cemetery Co., 104 Pa. 575. And though in Warren v. Steer, 118 Pa. 529, by a much to be regretted decision, an act reported by the judges was held no longer in force, and parties in ejectment were deprived of a most convenient and much needed remedy, yet it was put on the express ground that the English statute had since the report of the judges been superseded by acts of our own on the same subject. The presumption against a statute by its omission from the report is not of course so strong as the presumption in its favor by its affirmative inclusion, but it is still of very great weight, and it is especially so in the present case, as the judges included the very next and one other section of the same act, showing that the act had passed under their consideration. In the absence of anything in the case to overcome the prima facie correctness of the judges' report the presumption must prevail.

Nor do we find any sufficient grounds of public policy to make an exception in favor of the sheriff. No doubt it is inconvenient to him to be sued out of his own county, but that is an inconvenience common to every citizen who, in leaving his home temporarily for business or pleasure, runs the risk of the personal service of a writ in trespass in another jurisdiction. Moreover, the inconvenience is to the sheriff personally much more than to the citizens of his bailiwick, if indeed the latter have any appreciable interest in the matter at all. On the other hand the public inconvenience might be very great if a defaulting sheriff at the end of his term could hold the aggrieved parties at defiance by simply moving across the county line.

Judgment reversed and writ reinstated.