## Axford, Appellant, *v.* Kirby.

*Ejectment—Return of not served—Estrepement—Practice, C. P.*

1. Where a writ of ejectment has been followed by the issuance of a writ of estrepement, and subsequently the writ of ejectment has been returned "not served because of nonpayment of costs by the plaintiff's attorney," the writ of estrepement will be dissolved.

2. A writ of estrepement in an ejectment suit will not be dissolved on the petition of the defendant upon the mere averment that the plaintiff had brought a suit in assumpsit on a purchase money note for the land in question which had not been paid, without any averment that the action in assumpsit was pending at the time the petition to dissolve the estrepement was presented.

Argued March 4, 1914. Appeal, No. 8, March T., 1914, by plaintiff, from order of C. P. Lackawanna Co., May T., 1913, No. 636, dissolving writ of estrepement in case of E. B. Axford, Trustee, v. Kirby and Howard. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, TREXLER and KEPHART, JJ. Affirmed.

Petition to dissolve writ of estrepement.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order dissolving writ of estrepement.

*A. A. Vosburg,* with him *L. P. Wedeman,* for appellant.

*R. W. Rymer,* for appellee.

OPINION BY RICE, P. J., July 15, 1914:

The plaintiff issued a summons in ejectment against the defendants for a lot of land containing about twelve and one-half acres, described by metes and bounds, "improved with one frame washery for cleaning and separating fine coal," etc., and containing "valuable deposits of culm and fine coal." On the same day he filed a sworn statement tracing the title to Max Kaplan and Louis Kaplan, and setting forth that they sold and conveyed to the plaintiff and others all the land and property in dispute by a bill of sale and assignment of lease, and that the action was brought by the plaintiff for himself and the other persons, naming them. Two days later he filed a præcipe for a writ of estrepement, which was accompanied by a petition, sworn to before one of the judges of the court, alleging, inter alia, that an agreement was entered into between the plaintiff and the defendants that when the latter had paid certain notes made by them and deposited with an outside party, the plaintiff would deliver or cause to be delivered to the defendants "the bill of sale heretofore mentioned, together with the rights, privileges, etc., hereinbefore mentioned and described as having been conveyed to them by Max and Louis Kaplan;" that default was made in the payment of one of the notes given for the purchase money, whereby the defendants had forfeited all claim to the possession of, and title to, the property; and that notwithstanding this they had entered on the premises and were exhausting the coal and culm, thereby wasting the substance and destroying the value of the plaintiff's property. The plaintiff also gave bond, with sureties approved by the court, with condition that, if the plaintiff should fail in his action of ejectment, he would pay to the defendants all reasonable costs and damages. In the following month the defendants presented a petition and thereupon obtained a rule to show cause why the estrepement should not be dissolved. It was alleged in the petition (1) that there was a breach

of the plaintiff's warranty of title; (2) that the subject-matter of the contract was not real estate but personalty, being a culm pile which. "constituted part of the fill formerly occupied by the Erie Railroad Company." The plaintiff's answer denied that there was any warranty or breach of warranty of title, and alleged that the coal referred to formed part of the right of way of the railroad, which had been abandoned, "and is a part of the real estate on which it stands, which is in controversy in the ejectment case recited in the petition." As shown by the opinion of the learned judge before whom the rule to show cause was heard on petition and answer, neither issue raised by the petition and answer was determined or considered, and it is impossible to see how they could be determined in the absence of testimony. But it was alleged in the petition, and undenied by the answer, that the plaintiff "has brought a suit in assumpsit against your petitioners in the court of common pleas of Lackawanna county to No. 635, May Term, 1913," (the number immediately preceding that to which the action of ejectment was brought) "upon the last note now unpaid," etc. There are two views in which this averment may be considered, first, as ground of estoppel, and, second, as ground for plea in abatement or its equivalent. But in either view it would seem to be technically insufficient to prevent the plaintiff from pursuing his action of ejectment or maintaining the estrepement, because it is not alleged that the action of assumpsit was pending at the time the petition to dissolve the estrepement was presented: Toland v. Tichenor, 3 Rawle, 320; Gardner v. Kiehl, 182 Pa. 194. See, also, Findlay v. Keim, 62 Pa. 112.

But another point which appears by the record, and was raised by appellees' counsel on the argument of the appeal, is, that the summons in ejectment was returned "not served because of nonpayment of costs by the plaintiff's attorney." The writ of estrepement which is

authorized by sec. 2 of the Act of April 2, 1803, 4 Sm. Laws, 89, is not independent and original process, and though it may issue at any time pendente lite, even at the time of suing out the original writ or first process (3 Bl. Com. 226), yet, being allowed only in aid of a pending action of ejectment to prevent injury from being done to the property pending the controversy, the plaintiff is not in position to demand that it be maintained after his voluntary abandonment of the action of ejectment. In view of the state of the record, the court committed no error of which the plaintiff is in position to complain, in dissolving the estrepement.

The order is affirmed at the costs of the appellant.