# Feather *v.* Hustead, Appellant.

*Practice, C. P.—Affidavits of defense—Matter in abatement—Insufficient averments—Prior action.*

1. An affidavit of defense filed prior to the time when the Practice Act of May 14, 1915, P. L. 483, went into effect, and which

alleges everything essential to a good plea in abatement and distinctly shows that the allegations are for the purpose of abating the former action, should be given effect as such.

2. A plea in abatement must be entered before one in bar, and the former fails of effect after the filing of the latter.

3. When matter in abatement is rejected, the defendant has the right to answer over.

4. When the matter pleaded in abatement is the pendency of a former suit, the truth of the plea should be determined by an inspection of the records of the two actions.

5. An affidavit of defense averring matter in abatement must be pleaded with exactness and should be certain to every intent; it cannot be aided by any intendment or inference.

. 6. Where a plaintiff commences a second or subsequent suit on a pending cause of action, the remedy is to immediately set up as a matter of defense the pendency of the prior action.

7. An affidavit of defense to an action on a promissory note alleging that another suit had been brought against the defendant on the identical note and was still pending and undetermined in another county, but failing to aver that the other suit was "a prior action," is insufficient.

Argued May 8, 1916. Appeal, No. 372, Jan. T., 1915, by defendant, from judgment of C. P. Fayette Co., June T., 1915, No. 516, entered for want of a sufficient affidavit of defense in case of J. I. Feather v. James M. Hustead, alias J. M. Hustead and John E. Hess. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense. Before VAN SWEARINGEN, P. J.

The facts appear by the opinion of the Supreme Court.

The lower court made absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned,* among others, was in making absolute plaintiff's rule for judgment.

*W. J. Sturgis,* with him *S. J. Morrow,* for appellant.

*Robert E. Umbel,* with him *Harold L. Robinson, W. Cooke McKean* and *Allen D. Williams,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, July 1, 1916:

April 30, 1915, the plaintiff sued in the Common Pleas of Fayette County to recover on a promissory note; May 17, 1915, an affidavit of defense was entered as follows: "The plaintiff herein brought an action of assumpsit against the said J. M. Hustead and John E. Hess in the Court of Common Pleas of Greene County, Pennsylvania, to No. 192, June Term, 1915, on the identical note set forth in the plaintiff's statement herein, which action in said Court of Common Pleas of Greene County is still pending and undetermined." May 21, 1915, the plaintiff took a rule for judgment for want of a sufficient affidavit of defense, and in support thereof he assigned two reasons: (1) that the action in Greene County had been discontinued and the costs paid, and that no action of any kind or character was then pending on the note in question in any court whatever "excepting only the case at bar"; (2) that "the execution and delivery of the said note or correctness of the amount of the debt and the defendant's liability are in no wise questioned, but, in legal effect, are admitted." July 13, 1915, the rule was made absolute and judgment entered in favor of the plaintiff. John E. Hess, a defendant, has appealed.

The appellant contends that the court below, in disposing of the rule before it, should not have considered anything aside from the statement of claim and affidavit of defense. Ordinarily this would be true, but the affidavit in the present case was nothing more nor less than a plea in abatement; and a plea of this character was still allowed after the Act of May 25, 1887, P. L. 271, and before the new Practice Act of May 14, 1915, P. L. 483, which did not go into effect until January 1, 1916 (Fitzpatrick v. Riley, 163 Pa. 65; Meikle v. Northwest-

ern Nat. Ins. Co., 243 Pa. 557, 559-60). In Speier v. Locust Laundry Inc., 56 Pa. Superior Ct. 323, 328, President Judge Rice said upon this subject that, since the Act of 1887, supra, "an affidavit of defense which alleges everything essential to a good plea in abatement, and distinctly shows that they are alleged for the purpose of abating the former action," should be given effect as such; and he added: "In such case the plaintiff is not taken by surprise by the use of the affidavit......, but is duly warned so that he may remove the objection by discontinuing the former action......, for the plaintiff may discontinue the former suit after plea pleaded, and reply that no such action is pending, and, of course, he may do so where the pendency of the action is set up in an affidavit of defense."

In the present case, both the affidavit which set up the matter in abatement and a general issue plea were filed on the same day. The rule is that a plea in abatement must be entered before one in bar, and that the former fails of effect after the filing of the latter: Smith v. People's Mut. Live Stock Insurance Co. of Penna., 173 Pa. 15, 26, 27. It is also a rule that "an issue raised in abatement should be heard at the first term and before the issues on the merits"; furthermore, "where a plea of another action pending is filed, plaintiff may elect whether to submit to judgment on the plea or dismiss the other suit, and if plaintiff confesses the truth of the plea by amending the defects pointed out, defendant is not prejudiced by the court's action in ignoring the plea": 31 Cyc. 186-7. Again, while there is a rule that, when matter in abatement is rejected, "the defendant has the right to answer over" (id. 187), yet, here, since the appellant did not ask to file a supplemental affidavit of defense, and does not now complain of a denial of that privilege, it is apparent that he was in no sense prejudiced by not being formally given an opportunity to answer over.

When the matter pleaded in abatement is the pend-

ency of a former suit, "the truth of the plea is to be determined by an inspection of the records of the two actions" (Becker v. Lebanon & Myerstown St. Ry. Co., 25 Pa. Superior Ct. 367, 371); and it appears that, in the case at bar, on the hearing of the rule for judgment— which was practically a replication to the plea in abatement—an inspection of the record as certified showed the alleged other action to have been formally discontinued.  This record proof was for the court to pass upon, and, since it conclusively proved the suit complained of in the affidavit of defense to be out of the way, it left the case as though no defense had been entered; and the court below so viewed it.  It is not necessary to determine, however, whether or not the practice pursued, as above outlined, was justified by precedent in our State, or to decide concerning the correctness of the theory upon which the judgment was entered; for, treating the affidavit of defense strictly as such, and considering it on the merits, it clearly was insufficient to prevent judgment, as we shall now proceed to show.

The affidavit did not attempt a defense on the merits, but simply averred matter in abatement.  Such matter "must be pleaded with exactness and should be certain to every intent; it cannot be aided by any intendment or inference": 31 Cyc. 179.  "An affidavit of defense is to be taken most strongly against the defendant, for it is to be presumed that he has made it as favorable to himself as his conscience would allow": Law v. Waldron, 230 Pa. 458, 466; Baker v. Tustin, 245 Pa. 499, 501.  The affidavit in the present suit fails to aver the date when the other action complained of was commenced, or that it was, in fact, a prior action; for all that appears therein, it may have been instituted subsequent to the action at bar; counsel for the appellee assert that such was the case, and this is not denied by the appellant.

It is established by the authorities on the subject that the mere bringing of a subsequent suit will not abate a pending action; in other words, "The original or first

suit cannot be abated by a plea that another action for the same cause was afterwards commenced": 1 Cyc. 45; Sherwood v. Hammond, 4 Blackford (Ind.) 504; Rizer v. Gillpatrick, 16 Kan. 564, 567; Pres., Directors & Company of the Bank of the United States v. Merchants Bank of Balto., 7 Gill (Md.) 415, 428; Webster, et al., v. Randall, et al., 36 Mass. 13, 20; Callanan v. Port Huron & Northwestern Ry. Co., 61 Mich. 15, 21; Rogers v. Odell, 39 N. H. 452, 457; Nicholl v. Mason & Spaulding, 21 Wend. (N. Y.) 339, 341; Wood v. Lake, 13 Wis. 84, 91; Renner & Bussard v. Marshall, 14 U. S. 215, 217. All the Pennsylvania cases called to our attention, or which research has disclosed, are consistent with the principle just stated; for in each of them the action complained of was a suit instituted prior to the one in which the complaint was made: see Toland v. Tichenor, 3 Rawle 320, 324; Cleveland, Painesville & Ashtabula R. R. Co. v. Erie, 27 Pa. 380, 383; Com., to use of D. C. Hyde & Co., v. Cope, 45 Pa. 161, 164; Findlay & Hay v. Keim, 62 Pa. 112, 117-8; Penn Bank, to use of Warner, v. Hopkins, 111 Pa. 328, 332; Gardner & Hyde v. Kiehl, 182 Pa. 194, 199; Hershey v. Kerbaugh, 242 Pa. 227, 232; Penna. R. R. Co. v. Davenport, 154 Pa. 111, 112. In connection with the case last cited, see National Metal Edge Box Co. v. American Metal Edge Box Co., 246 Pa. 78, 83.

A defendant is not to be harassed by having several suits for the same cause pressed against him at one time; but, should a plaintiff attempt to pursue a second or subsequent suit, the remedy to prevent this is immediately to set up as a matter of defense the pendency of the prior action. Of course, if a judgment is secured in either suit, it can always be pleaded in bar; but the mere fact that, after an action properly brought, a subsequent suit is instituted for the same cause, will neither bar nor abate the prior action. Since the present affidavit of defense did not aver that "a prior action" was pending, it was insufficient; and, on that ground alone, we

determine the court below was justified in making the rule before it absolute.

The assignment of error is overruled, and the judgment is affirmed.