## Carroll v. Hannon.

*Ejectment—Defect in writ—General appearance—Cure of defect—Waiver —Jurisdiction—Parties—Matters outside of record—Prior action—Lis pendens.*

1. Objection to the jurisdiction of the court over parties may be waived.

2. A defect in a writ of ejectment may be cured by a general appearance.

3. A ground for quashing a writ of ejectment for matters *dehors* the record must be presented by petition, verified by oath.

4. A *lis pendens* as a ground for quashing a writ of ejectment cannot be sustained where two different causes of action are alleged in support of it, and the actors are not identical, but separate persons.

5. The pendency of a prior action is the subject of a plea in abatement, and not of a motion to quash.

Motion to quash writ of ejectment. C. P. Schuylkill Co., Sept. T., 1922, No. 173.

*Whalen & Graeff*, for plaintiff; *J. O. Ulrich*, for defendant.

BERGER, J., Oct. 23, 1922.—On a præcipe lodged by the plaintiff in the office of the prothonotary on July 19, 1922, for a summons in ejectment against the defendant, a writ issued and was served personally upon the defendant on July 24, 1922. A copy of plaintiff's declaration and abstract of title conforming with the requirements of section 2 of the Act of June 12, 1919, P. L. 478, was filed with the præcipe and served with the writ. The form in which the writ issued is as follows:

"Schuylkill County, ss.: The Commonwealth of Pennsylvania."

"To the Sheriff of Schuylkill County, Greeting:

"We command you, that you summon Michael F. Hannon, late of your county, that he be and appear before our Judges, at Pottsville, at our Court of Common Pleas, there to be held for the County of Schuylkill, on the second Monday of September next, to answer George J. Carroll in a plea in an action in ejectment for all that certain lot or piece of ground, situate on the northwardly side of Broad Street, in the Borough of Tamaqua, Schuylkill County, Pennsylvania (describing it). The title and right of possession whereof the plaintiff claims is in him. And have you then and there this writ.

"Witness the Honorable H. O. Bechtel, President Judge of our said Court, at Pottsville, the 19th day of July, A. D. one thousand nine hundred and twenty-two.                                      JAMES R. WALTON,
        [Seal]                                             Prothonotary."

A general appearance was entered for the defendant by his counsel on Aug. 4, 1922. On Sept. 11, 1922, the defendant, by his counsel, moved to quash the writ for matters appearing of record, and obtained a rule to show cause upon an assignment of the following reasons:

"1. The writ which issued in the above entitled action is not such writ in an action of ejectment as is required and provided by the Act of March 21, 1806, § 12, 4 Sm. Laws, 326, 332.

"2. A bill in equity, filed by the same plaintiff against the same defendant, to No. 3, May Term, 1922, is pending in the Supreme Court of Pennsylvania for possession of the same premises described in the writ issued in the above entitled action of ejectment."

The writ, it is quite apparent, is not in the form required by statute, but the question for determination now is whether the general appearance entered by the defendant does not cure the original defect in the writ. The jurisdiction of this court over the subject-matter (the right to possession of real

estate lying within the county) is unquestioned; the authority over the party defendant alone is questioned, on the ground that the writ in ejectment served upon him is a nullity. Objections to the authority of the court over the parties may be waived: The Lewisburg Bridge Co. *v.* Union and Northumberland Counties, 232 Pa. 255, 262. And a general appearance by the defendant cures any defect or irregularity in the service of the writ: McCullough *v.* Railway Mail Ass'n, 225 Pa. 118, 122; Nevin et al. *v.* Catanach et al., 264 Pa. 523, 527. The first reason to quash the writ is entirely without merit.

The second reason in support of the motion to quash is for a matter not appearing on the face of the record; it is not founded upon a sworn petition, in violation of the requirement of paragraph 4 of Rule 32, page 67, of our rules of court, that matters of fact *dehors* the record must be presented by petition, verified under oath; and it could not be considered but for the agreement entered into by the parties that the pending action sought to be pleaded is a bill in equity brought by Michael F. Hannon, the plaintiff, to No. 3, May Term, 1922, in the Court of Common Pleas of Schuylkill County, against George J. Carroll, as defendant, for the specific performance of a contract to convey the identical premises described in the writ of ejectment, and then and now in the possession of Michael F. Hannon, under a lease, the term of which had expired when the bill in equity was filed, from George J. Carroll, containing an option of purchase running in favor of the lessee, Michael F. Hannon. This bill was dismissed on a demurrer prior to the commencement of the present action of ejectment, and is now pending on appeal in the Supreme Court. This recital of the facts establishes that a plea of *lis pendens* could not be sustained because two different causes of action—not two different actions founded upon the same cause—are alleged in support of it, and the actors are not identical, but separate persons. Moreover, the pendency of a prior action is the subject of a plea in abatement and not of a motion to quash: Gardner *v.* Kiehl, 182 Pa. 194, 198; Becker *v.* Lebanon & Myerstown Street Ry. Co., 25 Pa. Superior Ct. 367, 371. The rule to show cause must, therefore, be discharged.

And now, Oct. 23, 1922, motion to quash overruled, and rule discharged.

From M. M. Burke, Shenandoah, Pa.