## Marsh v. Strawbridge et al.

*T. D. Wade*, for plaintiff.
*Thomas C. Gawthrop*, for defendants.

WINDLE, P. J., November 1, 1937.—Defendant, Francis R. Strawbridge, asks us to quash the writ of summons

issued in this case on the ground that a suit between the same parties on the same cause of action was pending at the time of its issuance and at the time of the presentation of his petition. This we may not do. Regardless of the facts and merits in that respect, the relief sought may not be obtained in this manner. Pendency of a former suit is not a reason or basis for quashing a writ of summons. Prior to the passage of the Practice Act of May 14, 1915, P. L. 483, such defense could be advanced only by plea in abatement: Gardner et al. v. Kiehl, Sheriff, 182 Pa. 194, wherein the court, in its opinion, said, inter alia: "The pendency of a prior action is the subject of a plea in abatement, not of a motion to quash the second writ"; Becker v. Lebanon & Myerstown Street Ry. Co., 25 Pa. Superior Ct. 367. That statute, however, in section 3, abolished pleas in abatement and provided: "Defenses heretofore raised by these pleas shall be made in the affidavit of defense." It is evident, therefore, that the defense here relied on should be interposed by affidavit of defense and not by a motion or rule to quash the writ of summons in the second suit: Feather v. Hustead, 254 Pa. 357; Steel v. Levy, 282 Pa. 338; Wanamaker's Admx. v. Beamesderfer, 6 D. & C. 455.

It will be noted that in both cases cited by petitioner in his brief, one being Feather v. Hustead, supra, the defense of pendency of a former suit was raised by plea in abatement and not by motion to quash. The latter proceeding has no application to such a situation as the present, as is pointed out in our opinions filed in Haberstrah v. DeLong et al., C. P. Chester County, no. 57, October term, 1934, and McFalls v. Jones, C. P. Chester County, no. 26, July term, 1935, and cases in said opinions cited.

Rule dismissed.