## Ambrose, Admx., v. Western Maryland Railway Co.

*John A. Smarsh*, for plaintiff.

*Edwin D. Strite* and *Edwin D. Strite, Jr.*, for defendant.

WINGERD, P. J., August 8, 1947.—Helen Ambrose, administratrix of the estate of Robert V. Ambrose, her deceased husband, brought this action in trespass against the Western Maryland Railway Company on July 27, 1946. The statement of claim filed on September 16, 1946, which alleges that decedent brought no suit in his lifetime, shows that the suit is intended to include two causes of action. First, a true action for wrongful death to recover the pecuniary loss of the spouse, etc., suffered by reason of death of decedent. This action is brought under the Act of April 15, 1851, P. L. 669, sec. 19, 12 PS §1601; the Act of April 26, 1855, P L. 309, sec. 1, amended by the Act of June 7, 1911,

P. L. 678, and section 2, 12 PS §§1602 and 1603; the Act of May 13, 1927, P. L. 992, no. 480, sec. 1, 12 PS §1604. Second, an action under section 35(b) of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended by the Act of July 2, 1937, P. L. 2755, 20 PS §772, begun by the personal representative of decedent to recover for the estate the damages which decedent could have recovered by bringing suit in his lifetime, such as for pain, suffering, loss of wages, etc. The Pennsylvania Rules of Civil Procedure, in reference to actions for wrongful death, apply to the first cause of action but not to the second: Goodrich-Amram, §2201-2, p. 6. The statute of limitations applying to the first cause of action is one year after death (Act of April 26, 1855, P L. 309, sec. 2, 12 PS §1603, supra), and the second cause of action is subject to the statute of limitations applying to actions for personal injury, to wit, two years from the time the injury was done: Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34; Stegner v. Fenton, 351 Pa. 292, 296. These two causes of action can properly be joined in one suit under Pa. R. C. P. 213(e), for under the facts alleged the personal representative is the proper plaintiff in the first cause of action under Pa. R. C. P. 2202 and in the second cause of action under the provisions of the Act of July 2, 1937, P. L. 2755, 20 PS §772, supra.

An affidavit of defense raising questions of law was filed to plaintiff's statement on the grounds that plaintiff's statement fails to set out a cause of action and that it fails to comply with Pa. R. C. P. 2202(c) and 2204 "in that it fails to set forth that no other action for the alleged wrongful death of decedent has been commenced against defendant in this action."

Plaintiff moved to amend her statement of claim by adding a paragraph 12 reading as follows:

"Decedent did not bring an action against defendant in this action for damages for the injuries causing

decedent's death." And another paragraph 13 reading as follows:

"That an action for the wrongful death of decedent was commenced against defendant in this action by Helen R. Ambrose, administratrix of the estate of Robert V. Ambrose, deceased, in the Court of Common Pleas No. 4 of Philadelphia County, Commonwealth of Pennsylvania to no. 3061, June term, 1946; that defendant, Western Maryland Railway Company, in an answer to the statement of claim in said case alleged that it had no office and was not doing business in the County of Philadelphia, whereupon plaintiff directed that the case be discontinued and this is the only action now properly pending in this matter."

A rule was issued on defendant to show cause why the amendments requested by plaintiff should not be allowed. An answer was filed by defendant alleging, in substance, that the amendment, paragraph 13, alleges that another suit for the wrongful death, here involved, had been brought, and fails to set forth when or whether a discontinuance of said suit was actually entered; that said amendment would not correct the defect in plaintiff's statement; and that said amendment introduces a new cause of action and sets forth new material facts after the statute of limitations has run. A supplemental answer was filed, setting forth in detail certain alleged prior suits involving the alleged wrongful death of decedent and setting forth that the United States of America is subrogee in the present action. The matter was argued orally before the court on motion and answer, briefs were filed and later the court gave the parties the right to file additional briefs. Plaintiff's additional brief was filed on June 16, 1947.

The contention of defendant that plaintiff's statement fails to set forth a good cause of action and its objection to the proposed amendment is primarily based on the contention that plaintiff is required to

allege in her statement that no other suit against defendant for the wrongful death was pending when the present action was brought.

The only question now directly before the court is whether or not the proposed amendments should be allowed.

We see no reason why the first one, i. e., paragraph 12, should not be allowed. It merely alleges that decedent had brought no action for damages against defendant for the injuries causing decedent's death, and is the same in effect as paragraph 2 of plaintiff's statement, which is as follows:

"Decedent, Robert V. Ambrose, at the time of the occurrence hereinafter related was 38 years of age and did not bring any action in his lifetime against defendant in this action for damages causing decedent's death."

The amendment does not change or, in reality, add anything to the allegations in plaintiff's statement but merely corrects what is clearly an error in form. Even though the allegation had been omitted entirely from the statement of claim, it seems that the proposed amendment can properly be allowed at any time in the proceedings because it is a recital in the initial pleading of plaintiff required by Pa. R. C. P. 2204, being a statement showing plaintiff's right to bring the action: Goodrich-Amram, §2204-1, p. 73, states:

"Inaccuracies or omissions in the recitals required by Rule 2204 are errors of form only and do not make the plaintiff's pleading substantively defective. Since the error is one of form, it may be corrected by amendment at any stage of the action." This seems to be in accord with prior practice, as shown by the cases referred to in the note to the foregoing statement.

The second proposed amendment, paragraph 13, is not a definite averment that no action for the wrongful death against defendant was pending when the present action was brought. It is indefinite, containing no dates

154

and no allegation as to whether the action referred to therein was discontinued before or after the present action was brought.

Let us first consider whether or not plaintiff's initial pleading in an action for wrongful death must contain an averment that no other action for the wrongful death of decedent, brought against defendant, was pending when such action was brought. The two Procedural Rules involved are Pa. R. C. P. 2202 (c), which provides, "while an action is pending it shall operate as a bar against the bringing of any other action for such wrongful death", and Pa. R. C. P. 2204, which provides, among other things, that plaintiff's initial pleading in an action for wrongful death shall state plaintiff's right to bring the action. The authorities are at variance concerning the necessity of such an averment.

In Higdon v. Hartman et al., 42 D. & C. 251, 256, it is held that the averment is required.

In Vedder et al. v. Pennsylvania R. R. Co. (No. 2), 46 D. & C. 120, the court held that when the action is brought by the personal representative the inclusion of the averment in the statement is not mandatory and its omission is no valid reason to strike off the statement, adding that the omission "could not be considered a fatal error and could be corrected by amendment if necessary at trial". No reference is made to Higdon v. Hartman et al., 42 D. & C. 251, supra.

In Goodrich-Amram, §2204-1, p. 72, it is stated that when plaintiff is spouse, child or parent of decedent the averment is necessary.

In Goodrich-Amram, §2204-2, p. 74, in "Form of Averments to Be Included in the Plaintiff's Initial Pleading When He Is the Personal Representative of the Decedent", we find:

"4. No other action for the wrongful death of the decedent has been commenced against the defendant in this action.

or

"An action for the wrongful death of the decedent was commenced against the defendant in this action by..............in the.............. (State court, term and number of action) ............but is not now pending. (State concisely the disposition of the prior action)."

In Goodrich-Amram, Annotations, §2204-1, p. 72, referring to the ruling in Higdon v. Hartman et al., 42 D. & C. 251, supra, we find:

"This seems erroneous for the plaintiff should not be required to aver (1) that no action is pending, for this is a matter of defense, or (2) that the personal representative did not bring suit during the first six months, for that is no bar unless that action is still pending, in which case it is covered by the first alternative. It may be preferable for the plaintiff to aver these matters, but it should not be mandatory. The plaintiff, who is not a personal representative, prima facie establishes his right to sue when he avers facts showing that he is a person entitled to recover damages and that six months have elapsed since the decedent's death."

The last statement is directly contrary to the statement made in the same book, §2204-1, p. 72, above referred to, and the first statement is not in accord with the form of Initial Pleading, Goodrich-Amram, §2204-2, p. 74, above referred to, if we consider the form as containing necessary averments and not discretionary ones.

If Pa. R. C. P. 2202 (c) means precisely what it says, it changes the law of Pennsylvania by providing that a pending action for the wrongful death of decedent, brought against defendant, is a bar to the bringing of any other action against defendant for such wrongful death. In Pennsylvania, prior to the said rule, pending actions were a bar to the maintenance or prosecution of a subsequent action in which the cause of action, the parties, the rights asserted and the relief prayed

for were the same, but not to the bringing of the second action.

In Gardner et al. v. Kiehl, 182 Pa. 194, it was held that a plea in abatement, alleging that a prior suit was pending when the second writ was issued and not when the plea was called, is bad. The general rule was that a plea of a former suit pending must allege, among other things, that the first suit is pending at the time the plea in the second suit is filed, and that plaintiff may discontinue the first suit after plea and answer that there is no such suit pending: Toland v. Tichenor, 3 Rawle 320, 323-324; Findlay & Hay v. Keim, 62 Pa. 112, 117-118; Hershey v. Kerbaugh, Inc., 242 Pa. 227, 232; Axford v. Kirby, 57 Pa. Superior Ct. 362, 364; Rush v. Porter, 23 Montg. 148. The fact that there was an action pending which was a bar to a second action between the same parties for the same cause, etc., was a matter of defense raised by a plea in abatement prior to the Practice Act of 1915 and thereafter in the affidavit of defense: Feather v. Hustead, 254 Pa. 357; Steel v. Levy, 282 Pa. 338; Becker v. Lebanon & Myerstown St. Rwy. Co., 25 Pa. Superior Ct. 367, 369-371; Speier v. Locust Laundry, Inc., 56 Pa. Superior Ct. 323; Hellen v. West Penn Rwys. Co., 70 Pitts. L. J. 238; Marsh v. Strawbridge et al., 30 D. & C. 335, 336.

Under the Rules of Civil Procedure, it seems that the matter of a pending action should be raised in defendant's answer and not as a preliminary objection: Wanamaker's Admx. v. Beamesderfer, 6 D. & C. 455. We have referred to the method of raising the question of an action pending, as a bar to a subsequent action, to show that it has always been considered a matter of defense prior to the Rules of Civil Procedure. The fact that the Rules of Civil Procedure governing actions for wrongful death seem, as we have said, to make the pendency of an action a bar to the bringing of a subsequent action as opposed to the maintenance or prose-

cution of a subsequent action does not, to our mind, change the method of pleading, that is, that plaintiff's initial pleading must recite the negative averment that no action is pending instead of the matter being raised by defendant as a defense. This thought is supported by the fact that in jurisdictions in which the pendency of a prior action is a bar to the bringing or commencement of a subsequent action, the matter is raised by defendant, either by demurrer where the pending action appears upon the face of the complaint, or by an answer to the complaint or by a plea in abatement: 1 Am. Jur., §§18 and 19, note 13, p. 30, and addition to note 13, 1947 supp., p. 4; Underwood v. Dooley, 197 N. C. 100, 147 S. E. 686. The abatement of an action on the ground of a prior pending action seems to have always been considered a matter of defense and we see nothing in Rule 2202(c) of Pa. R. C. P. which changes this practice; neither does Pa. R. C. P. 2204, which requires recital by plaintiff in his original pleading of his right to bring the action, require the averment that no prior action for wrongful death is pending because, as we have said, the bar of a pending action is a matter of defense and plaintiff is never required to plead negatively that a certain defense does not exist in order to show the right to bring the action. In an action for wrongful death, when plaintiff alleges facts which show that he or she is the administrator of decedent's estate, that shows the right to bring the action and such averment complies with the said rule. The bar of a pending action, as set forth in Pa. R. C. P. 2202(c) is analogous to the bar of the statute of limitations. It is entirely unlike the allegation that decedent, in his lifetime, had brought no action for damages for the injuries which caused his death for, under the statute giving the right of action for wrongful death, the fact that no suit for damages was brought by the party injured during his life is a fact without which the right of action does not accrue: Birch et al. v. Pitts. C. C. &

St. L. R. R., 165 Pa. 339; Taylor's Estate, 179 Pa. 254. In such case, the right of action for wrongful death never arose if decedent had brought an action during his lifetime, which is entirely different than the case in which there is a defense to a right of action. Furthermore, so many questions arise with reference to what is a pending action in the particular case and when the pending action was commenced or brought for it to constitute a bar to another action, that if defendant, who must be a party to both actions, claims that one is barred, he should so state as a defense to that action and show that conditions are such that it is barred by an action pending at the time it was brought.

We, therefore, conclude that as a pendency of a prior action is a matter of defense, it is not necessary in an action for wrongful death for a plaintiff, in his initial pleading, to aver that there is no prior action pending against defendant for the wrongful death of decedent. If a plaintiff desires to allege certain matters in reference to a prior action brought against defendant for the wrongful death involved, he is at liberty to do so, although it is not mandatory. The amendment, to be designated as paragraph 13 of plaintiff's statement, should be allowed.

We have considered only the cause of action for wrongful death in our discussion. Of course, Pa. R. C. P. 2202 (c) does not govern the survival action involved in the present suit and, therefore, has no bearing upon the effect which any pending action may have in relation to the survival action involved in the present suit. We merely mention this to bring to mind the fact that the present suit involves two entirely different causes of action, governed by different statutes, different rules of procedure and different limitations.

We have considered the amendments requested as applying to the cause of action for wrongful death but if they have any bearing on the survival action, they are clearl~ both allowable. for the motion to amend

was made before the statute of limitations applying to the survival action had run.

The objection that there was no affidavit to the motion to amend is of no importance as the amendment when made will have to be executed either as an amendment or as part of an amended statement in the manner in which statements or complaints are required to be executed.

For the above reasons, plaintiff is allowed to amend her statement as requested.

Now, August 8, 1947, rule is made absolute and the amendments allowed shall be filed within twenty days from this date.