## Sacks v. Bellotto

*Charles N. Bolich*, for plaintiff.
*Edwin K. Kline, Jr.*, for defendants.

HENNINGER, P. J., July 22, 1958.—Plaintiff, trustee in bankruptcy of Angelo Bellotto, has brought this action in equity against the bankrupt and his wife, to set aside a series of transactions whereby $20,759.56, the proceeds of the sale of premises 3033 Highland Street, South Whitehall Township, Lehigh County, was deposited in a bank in the name of defendants and $12,000 thereof invested in United States Government bonds in defendants' joint names.

Plaintiff avers that the net proceeds of the sale of the house was the property of the bankrupt, that the transfer was without consideration and that Angelo Bellotto was insolvent when the transfer was made.

Bellotto was adjudicated a bankrupt on August 5, 1957, and plaintiff instituted proceedings before the referee in bankruptcy to obtain possession of these funds, but on April 24, 1958, after notice to Bellotto's attorney and after the present suit had been started, plaintiff obtained an order from the referee in bankruptcy whereby the action before the referee was dismissed without prejudice.

Defendants have filed preliminary objections: (1) Full, complete and adequate remedy under the bankruptcy laws; (2) the District Court for the Eastern District of Pennsylvania has assumed jurisdiction, hence none in this court; (3) no cause of action under the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045; and (4) complaint vague and indefinite. Objections 3 and 4 were withdrawn at argument.

Both parties agree that a fraudulent transfer is cognizable in the bankruptcy court. Both further agree that jurisdiction in the Federal court does not oust the jurisdiction of the State court. Neither contends that both jurisdictions may be invoked simultaneously. See section 70(e)(1) and (3) of the Bankruptcy Act

of July 1, 1898, 30 Stat. 565, as variously amended, 11 U. S. C. A. §110.

Since the very act which grants access to the Federal courts permits access to the State court, the defense of an adequate remedy in another court cannot well apply. Nor would we attempt, if we dared, to oust the jurisdiction of the Federal courts upon the theory advanced by counsel for plaintiff that the remedy is slow and cumbersome. We have entire confidence in the efficiency of our Federal courts and of our referees in bankruptcy.

There are three elements in the cessation of plaintiff's claim before the bankruptcy court that lead us to permit plaintiff to proceed in our court.

First, defendants had notice of the application to dismiss and interposed no valid objection thereto. Second, the bankruptcy court voluntarily relinquished its jurisdiction. That means that we are not seeking to oust its jurisdiction and further, that defendants are not harmed by the dismissal. Third, the dismissal was "without prejudice." This means that there was no adjudication upon the merits and that the Federal court recognizes that an action upon the same facts may be reinstituted either in the Federal or State courts.

In our opinion, the dismissal without prejudice left the parties where they stood before the matter was pressed before the bankruptcy court. Since they could have chosen the State forum at the outset, they may do so now.

We attach no significance to the fact that the State court action was instituted before the Federal action was dismissed. What controls is the state of affairs existing when the plea of pending action is pleaded and not when the second suit was started: Toland v. Tichenor, 3 Rawle 320, 324; Findlay & Hay v. Keim, 62 Pa. 112, 117.

Now, July 22, 1958, defendants' preliminary objections are overruled and dismissed and it is ordered that defendants answer over on the merits within 20 days after service of this order upon their counsel.